IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| NANCY ANDERSON | * |
| Plaintiff, | * |
| v. | * |
| BRITE DENTAL CORPORATION d/b/a CREATIVE DENTAL CARE, a Florida Corporation; MOUHANNAD BUDEIR, D.D..S.; FARDIN ZARE, D.D.S,, THEODORE KELTS, D.D.S.; and MERCK & CO., INC., | * Case No. _____ |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT MERCK & CO., INC.'S**
**NOTICE OF REMOVAL**

Defendant Merck & Co., Inc. ("Merck"), by counsel, hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of the Sixth Judicial Circuit, State of Florida, in and for Pasco County, to the United States District Court for the Middle District of Florida, and respectfully states to the Court the following:

**The Fosamax MDL Litigation**

1. This action involves allegations regarding the prescription medication FOSAMAX®. ("Fosamax"). On August 16, 2006, the Judicial Panel on Multidistrict Litigation ("MDL Panel") issued an order transferring 18 Fosamax products liability cases to the United States District Court for the Southern District of New York (Keenan, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Fosamax Products Liability Litigation,* MDL No. 1789. Processes for quickly sending additional related cases to Judge Keenan have been set in place. To date, the MDL Panel has issued 23

Conditional Transfer Orders, at least 68 cases involving Fosamax have been transferred to MDL-1789, and there are a total of 161 cases pending in the MDL, including cases filed directly in the Southern District of New York. Merck will seek the transfer of this action to MDL-1789, and will in the next week provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

### The Plaintiffs' Claims

2. In May 2007, Plaintiff commenced this action entitled *Anderson v. Brite Dental Corporation, et al.*, Case No.:51-07-CA-2086-ES, against Merck in the Circuit Court of the Sixth Judicial Circuit, State of Florida, in and for Pasco County. Merck was served with the Complaint on May 14, 2007.

3. For the reasons set forth in more detail below, this Court should assume jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, when the improperly joined, misjoined, and fraudulently joined parties are excluded.

4. Plaintiff Nancy Anderson is a resident of Pasco County, Florida. (Complaint ¶ 2).

5. Merck is a resident of the State of New Jersey, as it is incorporated in the State of New Jersey and has its principal place of business there. (Complaint ¶ 7). In addition to Merck, the Plaintiff has improperly sought to join as defendants Brite Dental Corporation and three of its employees, Dentists Mouhannad Budeir, Fardin Zare, and Theodore Kelts (collectively "the Dental Defendants"). The Dental Defendants are alleged to be residents of the State of Florida. (Complaint ¶¶ 3-6).

6. The Plaintiff's allegations against Merck in this case repeat, paragraph by paragraph, the same form allegations that have been copied by nearly every plaintiff in the Fosamax MDL proceedings. As more fully set forth below, this case is properly removed to this Court because Plaintiffs have misjoined and/or fraudulently joined the Dental Defendants as parties to this case, in an effort to defeat this Court's proper jurisdiction. There is complete diversity of citizenship between the proper parties and no defendant properly joined is a citizen of Florida.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

7. Merck was served with the Complaint on May 14, 2007. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Merck is not aware of any further proceedings in this action.

9. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the Middle District of Florida pursuant to 28 U.S.C. § 89(b).

10. All properly joined and served defendants consent to this removal.[1]

11. No previous application has been made for the relief requested herein.

---

[1] It is well-settled that a co-defendant who is fraudulently joined need not consent to or join in removal. *See Torrence v. Pfizer, Inc.*, Case No. 6:07-cv-199-Orl-19KRS, 2007 WL 788368, at *4 (M.D. Fla. Mar. 14, 2007); *see also United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (fraudulently joined defendants need not consent to r join removal petition); *See also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (same); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (same).

3

Case 8:07-cv-00985-JDW-EAJ Document 1 Filed 06/25/2007 Page 4 of 12
Case 2:07-cv-00635-WKAJ Document 1 Filed 11/06/2007 Page 4 of 12

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by Merck, which includes the Complaint and Summons, are attached hereto at Exhibits 1 & 2.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and on the Dental Defendants, and a copy is being filed with the Circuit Court of the Sixth Judicial Circuit, State of Florida.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The amount in controversy requirement is satisfied.

15. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that, as a result of ingesting Fosamax, she "suffered severe osteonecrosis of the jaw and osteomyelitis." (Complaint ¶ 58). Plaintiff further asserts that "[o]steonecrosis of the jaw is a serious medical event and can result in severe disability and death." (Complaint ¶ 45).

16. Plaintiff claims that, as a result of using Fosamax, she "has been permanently and severely injured," "requires and will in the future require ongoing medical care and treatment," and "has suffered mental anguish from the knowledge that Plaintiff will have life-long complications as a result of the injuries Plaintiff sustained." (Complaint ¶¶ 54-55). Plaintiff seeks compensatory damages, based upon allegations that she "has incurred and will continue to incur medical and related expenses," "has

4

suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting condition and activation of latent conditions," "has incurred and will continue to incur mental and physical pain and suffering," and "other losses and damages." (Complaint ¶ 100).

17. While there is not a record of prior cases that specifically involve osteonecrosis of the jaw – a circumstance which may be attributable to the fact that osteonecrosis of the jaw is a rare disorder and cases alleging liability against pharmaceutical manufacturers for allegedly causing the same had, prior to very recently, been non-existent – there are:

- numerous reported cases in which jaw or similar facial injury led to jury or court awards far in excess of $75,000. *See, e.g., Howie v. Walsh*, 609 S.E.2d 249 (N.C. App. 2005) (addressing jury award of $300,000 against dentist who fractured patient's jaw during procedure); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 in damages where dental patient suffered from permanent paresthesia); *Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was an amount that exceeded $175,000); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. App. 1996) (jury award of $200,000 in damages, where syringe lodged in upper jaw); *Herpin v. Witherspoon*, 664 So.2d 515 (La. App. 1995) (plaintiff entitled to receive

5

more than $75,000 as a result of temporomandibular joint (TMJ) dysfunction); *Washburn v. Holbrook*, 806 P.2d 702 (Or. App. 1991) (affirming jury finding of $400,000 in damages as a result of damage to jaw during root canal); and

- numerous prior cases that reveal that potential awards based on osteonecrosis or avascular necrosis of the hip, knee, or other joint, exceed the $75,000 jurisdictional amount. *See, e.g., Barbee v. United States*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis); *Shaver v. United States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee caused by automobile accident); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing jury award of $410,000 for medical malpractice that led to avascular necrosis of the hip); *Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip).

18. The Plaintiff's claims of "permanent and severe injury" as a result of osteonecrosis, and the compensatory damages that she seeks thus far exceed this Court's minimum $75,000 jurisdictional limit.

**B. There Is Complete Diversity Jurisdiction Between Those Parties Properly Joined In This Case.**

19. There is complete diversity between the Plaintiff and Merck, the only properly joined Defendant.

20. The Plaintiff is a resident and citizen of Florida. (Complaint ¶ 2).

21. Merck is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place

of business in New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

22. For the reasons set forth in § II.C, below, the remaining named defendants – the Dental Defendants – are fraudulently or improperly joined. Therefore, their citizenship must be ignored for the purposes of determining the propriety of removal.

    **C.    The Dental Defendants have been fraudulently joined or are improperly joined and, therefore, their citizenship can be ignored for the purposes of removal.**

23. The Dental Defendants are not proper parties to this case.

24. A defendant is fraudulently joined where there is no possibility the plaintiff can establish a cause of action against the resident defendant or the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into court. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997). Parties are improperly joined or misjoined where there is no common transaction or occurrence connecting the claims against those parties. *See* Fed. R. Civ. Proc. 20.

25. The Plaintiff claims that, during oral surgery performed by one of the Dental Defendants, her tooth was broken off at the gum line, and that the Dental Defendants thereafter failed properly to diagnose and treat the resulting infection. (Complaint ¶¶ 15-33). Specifically, the plaintiff claims that the Dental Defendants failed to "timely diagnose and treat infection following extraction of tooth in an appropriate manner" and failed to refer Plaintiff "to a higher level of care after it was clear the infection was not being eradicated." (Complaint ¶¶ 65-67; *see also* Complaint ¶ 64). The Plaintiff also alleges, in cursory form, that Brite Dental Care, the corporate Dental Defendant, failed to "determine what medication she was taking," although no such

allegation is made against the three individual dentists who treated the Plaintiff. (Complaint ¶ 64).

26.  The fraudulent and improper joinder of the Dental Defendants is obvious under well-settled state law because (i) to the extent that Plaintiff claims that the Dental Defendants should have been aware of the alleged danger of Fosamax, such claims are in direct conflict with the Plaintiff's assertion that Merck concealed those same alleged dangers, and (ii) the remainder of Plaintiff's claims for dental malpractice are not based upon the same transaction or occurrence as Plaintiff's use of Fosamax.

27.  The Plaintiff cannot assert claims against the Dental Defendants based upon an allegation that they knew or should have known of some presumed link between Fosamax and osteonecrosis, where the Plaintiff *also* contends that Merck concealed that same information. *See In re Baycol Prods. Litig.*, Case No. 03-3150, 2003 WL 23305516, at *2 (D. Minn, Dec. 15, 2003) (finding doctor fraudulently joined because, where plaintiff claimed that manufacturer failed to properly represent the risks of a drug, the plaintiff "failed to demonstrate that her physician knew or should have known of Baycol's risks"); *Spier v. Bayer Corp.*, No. 02-4835, 2003 WL 21223842 (D. Minn. May 27, 2003) (same); Opinion and Order filed October 3, 2003, in *Omobude v. Merck & Co., Inc.*, Civil Action No. 3:03CV528LN (S.D. Miss.), at 3 (finding doctors fraudulently joined to products liability complaint where Plaintiff claimed that Merck concealed information relating to drug, and also claimed that the doctors failed to act upon that same information) (Exhibit 3 hereto).[2] Plaintiff does not specify that any of its medical

---

[2]  *See also In re Rezulin Prods. Liab. Litig.*, Case No. 00 Civ. 2483 (LAK), 2003 WL 21276425 (S.D.N.Y. June 2., 2003) (affirming magistrate judge's conclusion that plaintiffs had no likelihood of success on claims that physicians had failed to warn of the risks of a drug, where same claims were asserted against manufacturer of drug);

8

malpractice claims against the Dental Defendants relate to Fosamax. Even if the Plaintiff had done so, however, those claims cannot properly be interpreted as an assertion that the dentists should have adopted some different course of treatment based upon the same knowledge that Plaintiff asserts that Merck concealed. (Complaint ¶¶ 62-63).

28. To the extent that the claims against the Dental Defendants are based on alleged negligence in performing oral surgery, diagnosing an infection, or referring the Plaintiff "to a higher level of care," such claims have nothing in common with the products liability claims against Merck, and fail to meet the requirements for proper joinder under Federal Rule of Civil Procedure 20. *In re Rezulin Prods. Liab. Litig.*, Case No. 00 Civ. 2483 (LAK), 2003 W.L. 21276425 (S.D.N.Y. June 2., 2003), the court found that malpractice claims against the plaintiff's former physicians were not properly joined to a products liability complaint, where the plaintiff alleged that the physicians had failed to properly diagnose and monitor the plaintiff's medical condition, where that condition allegedly arose from the use of a drug. The court held that the malpractice claim against the doctors did not arise from the same transaction or occurrence as the claims against the drug's manufacturer. The Plaintiff's claims against the Dental Defendants suffer from the same defect.

29. In addition, on information and belief, some or all of the Dental Defendants are fraudulently joined because the claims against them are barred by Florida's two-year statute of limitations. *See, e.g., In re Diet Drugs (Phentermine/ Fenfleuramine/ Dexfenfluramine) Prods. Liab. Litig.*, Case No. 03-20128, 2003 WL

---

Opinion and Order filed Nov. 27, 2003, in *In re Phenylpropanolamine (PPA) Prods. Liab. Litig*, Case No. C02-423R (W.D. Wash.) (Exhibit 4 hereto) (finding pharmacy fraudulently joined and concluding that allegations that manufacturer concealed information directly conflicted with claim that pharmacy should have acted on that information).

9

21973329, at *3 (E.D. Pa. June 12, 2003) (finding doctor co-defendants to have been fraudulently joined where claims against them were barred by the statute of limitations). Plaintiff's medical malpractice claims against the Dental Defendants must have been "commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence." Florida Stat. § 95.11. Plaintiff claims that she served a presuit notice under Florida Statutes, Chapter 766 on or about December 5, 2006, which would have tolled the limitations period, if not already expired, for 90 days. (Complaint ¶ 69).[3] The Complaint was not filed until May 2007.

30. Plaintiff's injury occurred on October 14, 2004, when one of the Dental Defendants broke her tooth off at the gum line during oral surgery. (Complaint ¶ 14-15). By the end of November, the Plaintiff had visited the Dental Defendants two more times as a result of pain following from her jaw injury, and by November 17, 2004 she had been prescribed antibiotics a second time for the resulting infection. (Complaint ¶¶ 20.) Thus, in addition to the grounds set forth above, on information and belief, the claims against the Dental Defendants are barred by limitations.[4]

31. Under the clear language of 28 U.S.C. § 1441(b), this action is properly removed to this Court by Merck.

---

[3] No extension of this tolling period was filed with the Court, and without such an extension, the limitations period began running again on or about March 5, 2007, until the Complaint was filed in May 2007, thereby barring any claims that accrued in January 2005 or earlier.

[4] In addition, the Plaintiff does not plead facts in her Complaint that show that she fully complied with Florida's pre-suit investigation requirements as set forth in Chapter 766, Florida Statutes, and by now it is too late for the Plaintiff to comply with those requirements. *See Clark v. Sarasota County Public Hosp. Bd.*, 65 F. Supp. 2d 1308, 1310 (M.D. Fla. 1998), aff'd, 190 F.3d 541 (11th Cir. 1999) (dismissing case where plaintiff had failed to follow pre-suit requirements and statute of limitations had run).

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of the Sixth Judicial Circuit, State of Florida, in and for Pasco County to this Court pursuant to 28 U.S.C. § 1441.

/s/ Larry Hill
LARRY HILL
Florida Bar Number 173908
Moore, Hill & Westmoreland
Post Office Box 13290
Pensacola, Florida 32591-3290
Phone: 850/434-3541
Fax: 850/435-7899
lhill@mhw-law.com
Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June, 2007, a copy of the foregoing, with exhibits, was dispatched by first-class mail, postage prepaid, to: James A. Wardell, Esquire, WARDELL & QUEZON, P.A., 805 West Azeele Street, Tampa, FL 33606; Brite Dental Corporation d/b/a Creative Dental Care, c/o Mark Turner, Registered Agent, 255 Magnolia Avenue, SW, Winter Haven, FL 33883; Mouhannad Budeir, D.D.S., 5046 Mission Square Circle, Zephyrhills, FL 33542; Fardin Zare, D.D.S.,5046 Mission Square Circle, Zephyrhills, FL 33542; Theodore Kielts, D.D.S., 5046 Mission Square Circle, Zephyrhills, FL 33542.

/s/ Larry Hill_____
LARRY HILL
Florida Bar Number 173908
Moore, Hill & Westmoreland
Post Office Box 13290
Pensacola, Florida 32591-3290
Phone: 850/434-3541
Fax: 850/435-7899
lhill@mhw-law.com
Counsel for Merck & Co., Inc.