# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FILED
OCT 03 2003
J.T. NOBLIN, CLERK
BY _____ DEPUTY

FRANK OMOBUDE, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JOSEPHINE
OMOBUDE, DECEASED                                               PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:03CV528LN

MERCK & CO., INC. AND
ROBERT M. EVANS, M.D.                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff
Frank Omobude, individually and on behalf of the wrongful death
beneficiaries of Josephine Omobude, to remand pursuant to 28
U.S.C. § 1447. Defendant Merck & Co., Inc. has responded to the
motion and the court, having considered the memoranda of
authorities submitted by the parties, concludes that the motion is
not well taken and should be denied.

Plaintiff, a citizen of Mississippi, brought this suit in the
Circuit Court of Hinds County, Mississippi seeking to recover
damages for the alleged wrongful death of his mother, Josephine
Omobude, which he alleges resulted from her use of the
prescription drug Vioxx. Plaintiff sued Merck, the non-resident
corporation that manufactured and distributed Vioxx, and also
named as a defendant Robert M. Evans, M.D., the local physician
who is alleged to have prescribed Vioxx to Josephine Omobude.
Merck timely removed the case on the basis of diversity

jurisdiction under 28 U.S.C. § 1332,[1] contending, based on the allegations of plaintiff's complaint, that the requirement of an amount in controversy in excess of $75,000 is clearly satisfied,[2] and contending further that there is complete diversity of citizenship since Dr. Evans, though a Mississippi resident, has been fraudulently joined to defeat diversity. See Heritage Bank v. Redcom Labs., Inc., 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of non-diverse will not defeat diversity jurisdiction).

The premise of Merck's fraudulent joinder argument, as gleaned from its notice of removal and its response to plaintiff's motion to remand, is that plaintiff's complaint does not allege a sufficient factual basis for his putative claim against Dr. Evans. In particular, Merck notes that throughout his complaint, plaintiff repeatedly and consistently asserts that Merck encouraged the use of Vioxx in "improper customers;" that it "misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects;" that despite knowledge of the defective nature of its product and for the purpose of increasing its sales and profits at the expense of the

---

[1]    That statute provides, in pertinent part, as follows: (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states.

[2]    The court notes that plaintiff has not disputed that the amount in controversy exceeds $75,000.

2

general public's health and safety, Merck aggressively marketed
Vioxx both directly to the consuming public and indirectly to
physicians through drug sales representatives as effective and
safe and with inadequate warnings and instructions; and that Merck
failed to provide timely and adequate post-marketing warnings or
instructions after the manufacturer knew of the risk of injury
from Vioxx.  On the basis of these allegations, plaintiff alleges
claims against Merck for strict liability, negligence, breach of
express and implied warranties and fraudulent misrepresentation.
Merck argues that in light of plaintiff's repeated allegations
that Merck misrepresented the safety and efficacy of its product
and consistently concealed the known risks and dangers not only
from the consuming public but also from physicians, plaintiff's
charge of medical negligence against Dr. Evans based on nothing
more than a conclusory allegation, wholly unaccompanied by any
factual support, that Dr. Evans "knew, or should have known, of
the dangerous side effects of these medications," and that "his
prescribing such medications in light of such knowledge presents a
deviation from the standard of care," is manifestly insufficient
to state a cognizable claim.

In similar cases, this court has held that conclusory and
contradictory allegations of knowledge, which were belied by the
factual allegations of the complaint, demonstrated that the
resident defendants against whom such allegations of knowledge
were made, had been fraudulently joined.  See Brown v. Bristol
Myers Squibb Co., Civ. Action No. 4:02CV301LN, slip op. at 11-12

3

(S.D. Miss. Dec. 2, 2002) (resident physician fraudulently joined where claim was asserted in conclusory terms and contradicted by allegations of the pharmaceutical manufacturer's concealment or misrepresentation of information); Louis v. Wyeth-Ayerst Pharmaceuticals, Inc., Civ. Action No. 5:02CV102LN (S.D. Miss. Sept. 25, 2000) (same with respect to resident pharmacy defendant); see also In re Rezulin Prods. Liab. Litig., No. 00 Civ. 2843, 2003 WL 31852826, at *2 (S.D.N.Y. Dec. 18, 2002) (physician defendant fraudulently joined based on conclusory allegations). In the court's opinion, the same conclusion is in order here.

In so concluding, the court is aware of plaintiff's argument that "[a] party may plead alternative and inconsistent facts or remedies against several parties without being barred." Guy James Constr. Co. v. Trinity Indus., Inc., 644 525, 530 (5th Cir. 1981). While this may be true generally, the court's point here is that the plaintiff has not pled inconsistent facts, but rather has pled consistent facts that are inconsistent with the conclusion he pleads as to Dr. Evans. Every factual allegation this plaintiff has made is to the effect that Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet, without alleging any factual basis for the charge, plaintiff concludes that Dr. Evans "knew or should have known" the truth about Vioxx that Merck had misrepresented and concealed.

The court does not suggest that a "knew or should have known" allegation" will necessarily always be conclusory and hence

4

insufficient to state a cognizable claim simply because it is not

attended by a specific factual allegation as to the source of such

knowledge.  However, in cases like this, where a plaintiff has

specifically alleged facts from which one would necessarily infer

that the defendant in question would not have known information

otherwise alleged to have been misrepresented or concealed from

him, then in the court's opinion, in that limited circumstance, to

sustain his pleading burden, the plaintiff would have to plead at

least some facts tending to show why or how the defendant knew or

should have known of the information that has been misrepresented

to or concealed from him.  Otherwise, the court would be in the

untenable position of assuming that a factual basis exists for a

conclusory allegation that is entirely inconsistent with every

factual allegation in the complaint.  No precedent of which this

court is aware suggests that this would be proper.[3]  The caselaw,

---

[3]    Plaintiff has cited a number of cases from this district
in which claims against physician and pharmacy defendants have
been found sufficient to state a claim, but in the court's
opinion, these cases are readily distinguishable.  Henderson v.
GlaxoSmithKline, No. 5:01CV159BrS (S.D. Miss. March 21, 2001),
involved a question of fraudulent misjoinder, which is not an
issue here.  In Hancock v. Bayer Corp., No. 3:03CV67WS (S.D. Miss.
Apr. 18, 2003), plaintiff alleged that the physicians in question
had committed numerous acts of negligence other than merely
prescribing an allegedly defective drug, such as failing to timely
recognize the plaintiffs' adverse drug reactions, failing to
monitor the plaintiffs, and prescribing the drug in the wrong
dosage and in a manner inconsistent with the product labeling and
contraindicated usages.  Womack v. Bayer Corp., No. 3:03CV157WS
(S.D. Miss. Apr. 18, 2003), involved specific allegations of
alleged negligence by the defendant doctor, including that the
physicians should have known of the risks in light of warnings
actually issued to physicians by Bayer.  No such claims were pled
here.  Likewise in the several Bayer cases remanded by Judge
Pickering and cited by plaintiff, including Easterling v. Bayer

5

M003350755

in fact, is to the contrary. See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002) (stating that the court will not "accept as true conclusory allegations or unwarranted deductions of fact"); Sago v. Wal-Mart Stores, Inc., 2003 WL 22076954, at *2 (S.D. Miss. 2003) (holding that "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined") (citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir. 2000); cf. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1996) ("When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); Ross v. Citifinancial, Inc., 2003 WL 22026346, at *3 (5th Cir. 2003) (noting court's recognition of "the similarity between standards for Federal Rule of Civil Procedure 12(b)(6) (failure to state claim) and fraudulent

---

Corp., No. 2:03CV37PG (S.D. Miss. Apr. 24, 2003), Dearman v. Bayer Corp., No. 2:03CV38PG (S.D. Miss. Apr. 24, 2003), Jones v. Bayer Corp., No. 2:03CV53PG (S.D. Miss. Apr. 24, 2003), Keys v. Bayer Corp., No. 2:03CV39PG (S.D. Miss. Apr. 24, 2003), and Sumrall v. Bayer, No. 2:03CV52PG (S.D. Miss. Apr. 24, 2003), the court found that the plaintiffs had made specific allegations of negligence against the resident doctors "for failing to properly monitor and test each of the Plaintiffs according to the defendant drug companies' recommendations." No such allegations were made in plaintiff's complaint in the case at bar. See infra note 4.

6

joinder" but noting that the latter inquiry is broader); <u>Cranston</u>
<u>v. Mariner Healthcare Mgmt. Co.</u>, 2003 WL 21517999, at *4 (N.D.
Miss. 2003)(stating that on motion to dismiss, "[t]he court will
not accept as true any conclusory allegations or unwarranted
deductions of fact").[4]

---

[4]    The court notes that the only claim plaintiff has
alleged against Dr. Evans in his complaint is medical negligence
based on the allegation that Dr. Evans "knew, or should have
known, of the dangerous side effects of these medications" and his
prescribing "said medications in light of such knowledge."  In his
motion to remand, however, plaintiff attempts to recharacterize
and add to his claim against Dr. Evans.  He argues, for example,
that his claim that Merck produced and distributed defective
products does not preclude his claim against Dr. Evans with regard
to his "negligence in prescribing Vioxx or his negligence in
monitoring plaintiff."  He argues further that
        [j]ust as Merck failed to adequately warn Plaintiff's
        Decedent's physician, Dr. Evans failed to conduct
        regular monitoring of Plaintiff's Decedent to ensure the
        discovery of potentially serious side effects. . .
        including, not limited to, failing to perform adequate
        tests before the initiation of Vioxx treatment, and
        failing to subsequently perform other tests after
        initiation of Vioxx therapy to monitor any change in the
        status of Plaintiff's decedent. . . .  Defendant Evans
        also failed to warn Plaintiff's Decedent of possible
        side effects. . . .
None of these allegations, or any hint of such allegations,
appears anywhere in the complaint which, as to Dr. Evans, alleges
only that he was negligent in prescribing Vioxx when he knew, or
should have known, of the dangers of the drug.  Plaintiff cannot
secure remand on the basis of allegations and claims that are not
set forth in his state court pleading.  <u>See</u> However, the
Cavallinis did not cite, nor have we found, any case in which such
evidence has been considered to determine whether a claim has been
stated against the nondiverse defendant under a legal theory not
alleged in the state court complaint.
<u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 263
263 n.14 (5th Cir. 1995)(rejecting plaintiff's "assertion that
post-removal affidavits can be used to defeat removal by
presenting new causes of action").

7

For the foregoing reasons, the court concludes that plaintiff's motion to remand is not well taken and should be denied.

Accordingly, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 3rd day of October, 2003.

UNITED STATES DISTRICT JUDGE

8

M0003350758