IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

NANCY ANDERSON,

    Plaintiff,

CASE NO: 8:07-CV-965-I-27-EAJ

V.

BRITE DENTAL CORPORATION d/b/a
CREATIVE DENTAL CARE, a Florida
Corporation, MOUHANNAD BUDEIR,
D.D.S.; FARDIN ZARE, D.D.S.;
THEODORE KIELTS, D.D.S.; AND
MERCK & CO., INC.;

    Defendants.

_____/

## BRITE DENTAL CORPORATION d/b/a CREATIVE DENTAL CARE, and FARDIN ZARE, D.D.S.'S ANSWER AND DEFENSES TO THE COMPLAINT

1. Denied.
2. Denied.
3. Admitted.
4. It is admitted that Dr. Budeir was a licensed dentist, denied as to remaining allegations.
5. It is admitted that Dr. Zare was a licensed dentist, denied as to remaining allegations.
6. Denied.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted
13. Denied.
14. Admitted.
15. Denied.
16. Denied.
17. It is admitted that she presented on October 19, 2004, for extraction of tooth #29; denied as to remaining allegations.
18. Admitted that plaintiff called on November 8, 2004, denied as to remaining allegations.
19. It is admitted that Nancy Anderson was seen at Creative Dental on November 9, 2004, denied as to remaining allegations.

20. Denied.
21. It is admitted that the plaintiff called the office on December 16, 2004, and she was told to come in for an exam, denied as to remaining allegations.
22. It is admitted that the patient was seen later on December 16, 2004, by Dr. Zare and Dr. Zare prescribed Clindamycin 150mg; denied as to remaining allegations.
23. It is admitted that Plaintiff was seen by Dr. Budeir on December 22, 2004, denied as to remaining allegations.
24. It is admitted that the patient was seen on December 28, 2004, by Dr. Budeir and that he prescribed Erythromycin 500 mg, 3 times per day, denied as to remaining allegations.
25. It is admitted that on January 5, 2005, Dr. Budeir recommended a second opinion with Dr. Kielts; denied as to remaining allegations.
26. It is admitted that Dr. Kielts examined the patient on January 6, 2005, and his office note speaks for itself; denied as to remaining allegations.
27. Denied.
28. Denied.
29. It is admitted that Dr. Rosenbach saw the patient on February 4, 2005 and it is admitted that his record in part indicates "I agree with Dr. Baska that the patient should be hospitalized for IV antibiotics"; denied as to remaining allegations.
30. It is admitted that the plaintiff was admitted to Pasco Regional Medical Center on February 11, 2005; denied as to remaining allegations.
31. Denied.
32. Denied.
33. It is admitted that Dr. Levine performed a surgical procedure on plaintiff on February 28, 2005; denied as to remaining allegations.

**FOSAMAX FACTS**
34. Admitted.
35. Admitted.
36. Admitted.
37. Admitted.
38. Admitted.
39. Admitted.
40. Admitted.
41. Admitted.
42. Denied.
43. Admitted.
44. Admitted.
45. Denied.
46. Admitted.
47. Admitted.
48. Admitted.
49. Admitted.

50. Admitted.
51. Admitted.
52. Admitted.
53. Admitted
54. Admitted.
55. Admitted.
56. Admitted.
57. Denied.
58. Admitted.
59. Admitted.
60. Admitted.
61. Admitted.
62. It is admitted that Merck failed to disclose significant risks, it is denied that any concealment was fraudulent.
63. Admitted.

**MEDICAL NEGLIGENCE FACTS**
64. Denied.
65. Denied.
66. Denied.
67. Denied.
68. Denied.
69. Denied.
70. Denied.

**COUNT I**
71. Responses are reasserted as if fully stated herein.
72. Denied.
73. Denied.

**COUNT II**
74. Responses are reasserted as if fully stated herein.
75. Denied.

**COUNT III**
76. Responses are reasserted as if fully stated herein.
77. Denied.

**COUNT IV**
78. Responses are reasserted as if fully stated herein.
79. Denied.

**CLAIMS AGAINST DEFENDANT MERCK & CO., INC.**
80. Responses are reasserted as if fully stated herein.
81. Admitted.
82. Admitted.
83. It is admitted that Merck failed to disclose risks, it is denied that the concealment was intentional.
84. Admitted.
85. Admitted.

**COUNT V**
86. Responses are reasserted as if fully stated herein.
87. Admitted.
88. Admitted.
89. Admitted.

**COUNT VI**
90. Responses are reasserted as if fully stated herein.
91. Admitted.
92. Admitted.
93. Admitted.
94. Admitted.
95. Admitted.
96. Admitted.
97. Admitted.
98. Admitted, however, it is denied that it was intentional.
99. Admitted.
100. Admitted.

**COUNT VII**
101. Responses are reasserted as if fully stated herein.
102. Admitted.
103. Admitted.
104. Admitted.
105. Admitted.
106. Admitted.

**COUNT VIII**
107. Responses are reasserted as if fully stated herein.
108. Admitted.
109. Admitted.
110. Admitted.
111. Admitted.
112. Admitted.
113. Admitted
114. Admitted.
115. Admitted.

**COUNT IX**
116. Responses are reasserted here as if fully stated herein.
117. Denied.
118. Denied.
119. Denied.
120. Denied.
121. Admitted.
122. Denied.
123. Denied.

**COUNT X**
124. Responses are reasserted as if fully stated herein.
125. Denied.
126. Admitted.
127. Denied.
128. Denied.
129. Admitted. However, it is denied that Defendant fraudulently concealed information.
130. Denied.

**AFFIRMATIVE DEFENSES**

131. The defendant is entitled to a setoff for collateral sources pursuant to Section 768.76, Florida Statutes.

132. In the event that the defendant is at fault, the defendant is only liable for the defendant''s percentage of fault pursuant to Section 768.81, Florida Statutes. The defendant is entitled to apportionment of responsibility taking into account the percentage of fault of parties to this action whose fault contributed to the damages claimed, including, Dr. Budeir, Dr. Kielts, Merck & Co., Inc., and non-party Florida Medical Clinic, Dr. Rosenbach, and Dr. Douglas Baska.

133. Any responsibility for economic and noneconomic damages would be limited pursuant to §§768.81, Florida Statutes, and not pursuant to the doctrine of joint and several liability.

134. The defendant is entitled to the application of all provisions of Chapter 766 Sections = 102, 103, 104, 108, and Chapter 768 Sections=.74, .75, .76, .77, .78, and .81; Florida statutes.

135. The defendant is entitled to satisfy any verdict or judgment in accord with the provisions of the Florida Statutes for alternative payments of awards of future damages.

136. The defendants are entitled to limitations of damages pursuant to § 766.118, Florida Statutes.

137. The claim was not timely filed pursuant to Florida Statutes Section 95.11 and therefore the claim is barred.

138. The notice of intent was not timely filed pursuant to Florida Statutes Chapter 766.

139. Any damages should be reduced or barred in accord with principles of comparative negligence in the event plaintiff is found to be negligent for failure to notify health care providers of pertinent conditions, pertinent health history and changes in the patient's status or failure to seek follow up treatment in a timely manner.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail to James A. Wardell, Esquire 805, Azeele Street, Tampa, Florida, 33606, and email to **jwardell@jawlaw.net**; J.C. Garcia, Esquire, 4010 Boy Scott Blvd., Suite 280, Tampa, Florida 33607; and Jim Wetzel, Esquire 101 East

Kennedy Blvd., Suite 2500, Tampa, Florida 33602.

Thomas Saieva, Esquire
FBN: 220981
Saieva, Rousselle & Stine, P.A.
601 West Swann Avenue, Suite B
Tampa, Florida 33606
(813) 254-6122
(813) 254-1337 Facsimile
Zebra17@tampabay.rr.com