IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| NANCY ANDERSON | * | |
| Plaintiff, | * | |
| v. | * | |
| BRITE DENTAL CORPORATION d/b/a CREATIVE DENTAL CARE, a Florida Corporation; MOUHANNAD BUDEIR, D.D..S.; FARDIN ZARE, D.D.S,, THEODORE KELTS, D.D.S.; and MERCK & CO., INC., | * * * | Case No. 8:07-cv-00965-JDW-EAJ |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO STAY PROCEEDINGS
## PENDING TRANSFER TO MULTIDISTRICT LITIGATION

Defendant Merck & Co., Inc. ("Merck"), by counsel, moves this Court to stay all proceedings in this action pending its transfer to *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, the multidistrict litigation ("MDL") proceeding that has been established in the Southern District of New York to coordinate federal product liability actions involving FOSAMAX® ("Fosamax").

### BACKGROUND

**A.     The Fosamax MDL Proceedings.**

On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1789, titled *In re Fosamax Products Liability Litigation. In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (J.P.M.L. 2006). The transfer order directed that 18 actions be transferred

BA2/319552                                                        1

for coordinated pretrial proceedings in the U.S. District Court for the Southern District of New York before the Honorable John F. Keenan. *Id*. at 1349. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the eighteen actions listed on Schedule A involve common questions of fact, and that their centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These eighteen actions are brought by persons allegedly injured by ingestion of Merck's Fosamax, a prescription medication used in the treatment of osteoporosis. Specifically, these actions present complex common factual questions concerning, among other things, 1) the development, testing, manufacturing and marketing of Fosamax, and 2) Merck's knowledge concerning the drug's alleged adverse effects, in particular, osteonecrosis of the jaw. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

*Id*. The MDL Panel also held that "fourteen related actions" pending in multiple federal districts "will be treated as potential tag-along actions." *Id*. at n. 1.

There is currently a process in place for effecting the transfer to Judge Keenan's court of related Fosamax product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel promptly of newly filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Keenan's court based on the information contained in these tag-along letters. As of this date, the MDL Panel has issued 23 Conditional Transfer Orders requiring the transfer of at least an additional 68 actions to MDL 1789, where a total of 163 cases are

now pending, including both the transferred cases and cases filed directly in the transferee court.

Where, as here, the Plaintiff has sought to fraudulently join in-state defendants to defeat jurisdiction, the case should be transferred to the Fosamax MDL proceedings so that the transferee court can address the fraudulent joinder issues raised by all of the plaintiffs in a comprehensive manner. To date, issues of fraudulent joinder, and other remand arguments, have been raised in at least 9 other transferred cases.

### B. The Instant Action.

In May 2007, Plaintiff Nancy Anderson commenced this action entitled *Anderson v. Brite Dental Corporation, et al.*, Case No.:51-07-CA-2086-ES, against Merck in the Circuit Court of the Sixth Judicial Circuit, State of Florida, in and for Pasco County. Merck was served with the Complaint on May 14, 2007. On or about June 4, 2007, Merck removed this action to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[1] There is no dispute that this action involves the same factual inquiries that the Panel noted were present in the Fosamax product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Southern District of New York. The

---

[1] Merck removed this case pursuant to § 1441(b) on the grounds that "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). As discussed in Merck's Notice of Removal, Brite Dental Corporation and three of its employees, Dentists Mouhannad Budeir, Fardin Zare, and Theodore Kelts (collectively "the Dental Defendants"), were fraudulently and/or improperly joined by the Plaintiff in an effort to defeat diversity jurisdiction, but that effort fails because the Plaintiff has no reasonable likelihood of prevailing against the Dental Defendants, the Plaintiff's claims against the Dental Defendants conflict with the Plaintiff's claims against Merck, and because the Plaintiff's claims against the Dental Defendants are not based upon the same transaction or occurrence as the Plaintiff's claims against Merck. *See* Notice of Removal ¶¶ 23-31.

Plaintiff's allegations against Merck in this case repeat, paragraph by paragraph, the same form allegations that have been copied by nearly every plaintiff in the Fosamax MDL proceedings. She alleges that, as a result of ingesting Fosamax, she "suffered severe osteonecrosis of the jaw and osteomyelitis," and that "[o]steonecrosis of the jaw is a serious medical event and can result in severe disability and death." (Complaint ¶¶ 45, 58). Plaintiff contends that Merck did not warn her of the alleged risks of taking Fosamax (including alleged risks related to osteonecrosis of the jaw), and that Merck failed to conduct adequate post-market testing of Fosamax. (Complaint ¶¶ 34-54).

Pursuant to Rule 7.5 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Merck provided notice to the MDL Panel of the pendency of this "tag-along" action in a letter dated June 7, 2007. Merck expects that the MDL Panel will shortly issue an Order for the transfer of this case to the Fosamax MDL Proceedings.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1789. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("The power to stay all proceedings is well established."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial

resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Buie v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05-0534, 2005 U.S. Dist. LEXIS 35783, at *4 (W.D. Mo. Sept. 13, 2005); *Mathis v. Bristol-Myers Squibb*, No. 03-0308, 2003 U.S. Dist. LEXIS 3797, at *2 (E.D. La. March 12, 2003).

I.  **Judicial Economy Mandates A Stay.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated Fosamax product liability actions before Judge Keenan in the Southern District of New York, there is no question it will promote judicial economy to briefly stay this case while the MDL Panel determines whether it should be transferred.

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("[A] stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its transfer to MDL-1789 will conserve the resources of this court and prevent duplicative discovery

and pretrial management efforts. *See Board of Trustees of Teachers' Retirement System v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("Having one court rather than three decide complex jurisdictional issues obviously saves judicial resources."); *see also U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("[I]f the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

II.  **Merck Will Be Prejudiced Without A Stay, While A Brief Stay Will Not Prejudice The Plaintiff.**

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiff if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). Thus far, there are at least 163 Fosamax actions being coordinated in MDL-1789. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Keenan, Merck would face substantial hardship. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, potentially hundreds of individual cases for the period of weeks it takes for cases that meet the §1407 transfer standard to be transferred to Judge Keenan's court. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005)

(granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also North v. Merck & Co., Inc.,* No. 05 Civ. 6475, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005) ("[T]he risk of hardship to Merck of engaging in duplicative motion practice and discovery . . . outweighs any prejudice that could potentially inure to [plaintiff]."); *Gorea*, 2005 WL 2372440, at * 1 ("[W]hereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

In contrast, a stay will not prejudice the legitimate interests of Plaintiff. Any delay in the preliminary proceedings in this case would be both brief and offset by the benefits of coordinated discovery and motion practice after all of the overlapping lawsuits are transferred to a single court. *See, e.g., Rivers*, 980 F. Supp. at 1362 (discounting any prejudice to the non-moving party in the time between issuing the stay and the MDL Panel's consideration of the motion). Plaintiff has expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL and Plaintiff will not be prejudiced by a limited delay.

## **CONCLUSION**

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Southern District of New York.

8

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to M.D. Fla. Loc. R. 3.01(g), counsel for Merck contacted counsel for the Plaintiff and counsel for Brite Dental Corp. and Fardin Zare, D.D.S. ("the dental defendants") in a good faith effort to resolve the issues raised by this motion. Counsel for the Plaintiff indicated that he would oppose the requested stay, while counsel for the dental defendants indicated that he would consent to the relief requested by this motion.

>Respectfully submitted,
>
>/s/ Larry Hill
>LARRY HILL
>Florida Bar Number 173908
>Moore, Hill & Westmoreland
>Post Office Box 13290
>Pensacola, Florida 32591-3290
>Phone: 850/434-3541
>Fax: 850/435-7899
>lhill@mhw-law.com
>
>*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic delivery pursuant to Fed. R. Civ. P. 5(b)(2)(D) to James A. Wardell, Esquire, Wardell & Quezon, P.A., 805 West Azeele Street, Tampa, FL 33606, and to Thomas Saieva, Esquire, 601 W. Swann Ave., Suite B, Tampa, FL 33606 this 12th day of June, 2007.

                                       **/s/ Larry Hill**
                                       LARRY HILL