Exhibit A

TRAN v. WASTE MANAGEMENT, INC., (M.D.Fla. 2003)

HUONG THI TRAN, as the Personal Representative of the Estate of NO VAN NGUYEN, Plaintiff, -vs- WASTE MANAGEMENT, INC.; CLARK EQUIPMENT COMPANY; BOBCAT OF ORLANDO, INC.; and WILLIAM DOUG FRAVEL, jointly and severally, Defendants

Case No.: 6:03-cv-127-Orl-22JGG

United States District Court, M.D. Florida.

July 18, 2003

ANNE CONWAY, District Judge

ORDER

I. INTRODUCTION

The cause comes before the Court for consideration of the Plaintiff's, Huong Thi Tran, as personal representative of the Estate of No Van Nguyen, Motion to Remand and Supporting Memorandum of Law (Doc. No. 10), filed February 24, 2003, to which the Defendant, Clark Equipment Company, responded (Doc. No. 15) on March 7, 2003. Oral argument on the motion was held on May 8, 2003 (Doc. No. 41), and United States Magistrate Judge James G. Glazebrook issued a Report and Recommendation on May 27, 2003 (Doc. No. 44). In his memorandum opinion, Judge Glazebrook recommended that the Plaintiff's Motion be granted, and that this case be remanded to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. See Doc. No. 44 at 8. The Defendants, Bobcat of Orlando, Inc. and Clark Equipment Company, filed Objections (Docs.

Page 2

No. 49 & 50 respectively) to the Report and Recommendation (Doc. No. 44), and a memorandum of law in support thereof (Doc. No. 51) on June 13, 2003. The Plaintiff has not responded, and the time for doing so has expired. Having reviewed the Report and Recommendation (Doc. No. 44) and the Defendants' Objections thereto (Docs. No. 49 & 50), this Court **OVERRULES** the Objections (Docs. No. 49 & 50), and **AFFIRMS** and **ADOPTS** Judge Glazebrook's well-reasoned

The Plaintiff, Huong Thi Tran, is a citizen of the State of Florida,[fn1] and is the personal representative of the Estate of No Van Nguyen ("Mr. Van Nguyen").[fn2] her husband.[fn3] The Defendant, Waste Management, Inc. ("Waste Management Corporation"), is a Texas corporation with its principal place of business located in the State of Texas.[fn4] The Defendant, Clark Equipment Company, is a Delaware corporation with its principal place of business located in the State of New Jersey.[fn5] The Defendant, Bobcat of Orlando, Inc., is a Florida corporation with its principal place of business located in the State of Florida.[fn6] The

Page 3

Defendant, William Doug Fravel ("Mr. Fravel"), is a citizen of the State of Florida.[fn7] This action is for personal injuries arising out of an industrial vehicle collision occurring in Orange County, Florida.[fn8]

In September of 2000, Mr. Van Nguyen was employed as a material sorter with Recycle America of Orange County ("Recycle America"),[fn9] a division of the Waste Management Corporation.[fn10] In his capacity as a material sorter, Mr. Van Nguyen was responsible for sorting through cardboard recyclables in order to remove contaminated materials.[fn11] Since Mr. Van Nguyen's sorting duties were completed, a Bobcat Skid Steer loader pushed the cardboard onto a conveyer belt, which inserted the cardboard into a bailer, where the cardboard was baled.[fn12]

On or about September 27, 2000, while Mr. Van Nguyen was sorting through a large pile of cardboard, his supervisor, Mr. Fravel, backed a Bobcat Skid Steer loader into his person.[fn13] As a result, Mr. Van Nguyen suffered blunt force trauma to his head and chest, and

Page 4

he was killed instantly.[fn14] It is apparent that the Clark Equipment Company ("Clark") designed, assembled, and manufactured the Bobcat Skid Steer Loader.[fn15] Bobcat of Orlando, Inc. ("Bobcat"), is a business unit of Clark.[fn16]

In connection with that accident, the Plaintiff filed a lawsuit against the Defendants pursuant to Florida's Wrongful Death Act, Fla. Stat. §§ 768.16-768.27. [fn17] Count I of the First Amended Complaint alleges a cause of action for intentional negligence against the Waste Management Corporation;[fn18] Count II alleges a cause of action for gross negligence against Mr. Fravel;[fn19] Count III alleges a cause of action for strict liability product defects against Clark;[fn20] Count IV alleges a cause of action for strict liability against Bobcat;[fn21] and Count V alleges a cause of action for breach of implied warranty of fitness and merchantability

Result #17: Loislaw Federal District Court Opinions - TRAN v. WASTE MANAGEMENT, INC., (M.D.Fla. 2003)
memorandum opinion (Doc. No. 44).

II. BACKGROUND

Page 5

against Bobcat.[fn22] The lawsuit was filed in the Ninth Judicial Circuit Court, in and for Orange County, Florida ("the state court") on August 20, 2002.[fn23]

On January 31, 2003, Clark filed a Petition for Removal from the state court to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1441[fn24] and 1446.[fn25] Although the Plaintiff and two of the Defendants, Mr. Fravel and Bobcat,

Page 6

are citizens of the State of Florida, removal was based on diversity jurisdiction.[fn26] In that regard, the Petition for Removal states as follows:

Although Plaintiff and Defendant WILLIAM DOUG FRAVEL are both citizens of the State of Florida, this case is nonetheless removable because WILLIAM DOUG FRAVEL has been fraudulently joined. Defendant, WILLIAM DOUG FRAVEL, at all times material hereto, was a co-employee with the Defendant, NO VAN NGUYEN working at Recycle America of Orange County . . . WILLIAM DOUG FRAVEL is entitled to protection under Florida Statute § 440.11, Workers Compensation Exclusive Remedy. Because Plaintiff cannot state a clause of action against WILLIAM DOUG FRAVEL[,] WILLIAM DOUG FRAVEL has been fraudulently joined and his citizenship should be disregarded for the purposes of diversity.[fn27]

Although Plaintiff and Defendant, BOBCAT OF ORLANDO, INC., are both citizens of Florida, this case is nonetheless removable because BOBCAT OF ORLANDO, INC., has been fraudulently joined. BOBCAT OF ORLANDO, INC. did not sell the subject . . . loader . . . Because Plaintiff cannot state a cause of action against BOBCAT OF ORLANDO, INC., BOBCAT OF ORLANDO, INC. has been fraudulently joined [and] its citizenship should be disregarded for diversity purposes.[fn28]

On February 24, 2003, the Plaintiff filed a Motion to Remand to the state court on the grounds that removal was defective because there was no fraudulent joinder and the

Page 7

Defendants failed to meet the burden of establishing federal diversity jurisdiction.[fn29] Oral argument on the motion was held on May 8, 2003.[fn30] and United States Magistrate Judge James G. Glazebrook issued a Report and Recommendation on May 27, 2003.[fn31] In his

memorandum opinion, Judge Glazebrook recommended that the Plaintiff's Motion be granted, and that this case be remanded to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida because the Defendants failed to show "any fraudulent joinder."[fn32]

This Court must now consider the Defendants', Bobcat of Orlando, Inc. and Clark Equipment Company, Objections to Judge Glazebrook's recommendations.[fn33]

### III. ASSIGNMENTS OF ERROR

In their Objections to Magistrate Judge Glazebrook's Report and recommendation, the Defendants assign four points of error.[fn34] First, they argue that Judge Glazebrook "failed to apply the correct standard in evaluating Plaintiff's Motion for Remand, because he considered only the bare allegations of Plaintiff's Complaint instead of the totality of the

Page 8

evidence before him."[fn35] Second, they argue that Judge Glazebrook failed to evaluate whether a Florida court could deem defendant William Doug Fravel to have been grossly negligent in light of Fla. Stat. [§] 440.11(1) . . . and [relevant] deposition testimony."[fn36] Third, they argue that Judge Glazebrook "failed to make any findings regarding whether Bobcat of Orlando, Inc. was fraudulently joined."[fn37] And finally, they argue that Judge Glazebrook "failed to hold plaintiff to her burden of contesting either the allegations in Clark's Petition for Removal or Clark's proof of fraudulent joinder."[fn38]

### IV. STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation, the district judge must make a *de novo* determination of the findings and/or recommendations to which any party objects.[fn39] "This requires that the district judge 'give fresh consideration to those issues to which specific objection has been made by a party.'"[fn40] "In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*."[fn41] However, regardless of whether objections are filed, a district judge must review magistrate's legal

Page 9

conclusions *de novo*.[fn42] After reviewing a report and recommendation, objections, and responses thereto, the district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[fn43]

### V. LEGAL ANALYSIS

#### A. THE LAW OF REMOVAL

The Constitution and Congress limit a federal court's jurisdiction by

Page 10

For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal.[fn44] In fact, because "[f]ederal courts are of limited jurisdiction, . . . there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."[fn45]

A removing party must present facts establishing its right to remove.[fn46] When the removing party fails to do so, remand is favored. Nevertheless, a federal court should "be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum."[fn47]

## B. THE LAW OF FRAUDULENT JOINDER

It is well established that for removal to be proper under 28 U.S.C. § 1441 "no defendant can be a citizen of the state in which the action was brought."[fn48] However, "even if a named defendant is such a citizen . . . it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction" if the joinder of that defendant was fraudulent."[fn49]

The doctrine of fraudulent joinder provides for an exception to the citizenship requirements of removal jurisdiction.[fn50] In the Eleventh Circuit, joinder has been deemed fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) when there is outright fraud

Page 11

in the plaintiff's pleading of jurisdictional facts; and (3) where resident shares no joint, several, or alternative liability with the nonresident defendants and the claim against the resident defendant has no real connection to the claims against the nonresident defendants.[fn51]

With respect to the first type of fraudulent joinder, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."[fn52] "The plaintiff need not have winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."[fn53]

In determining "whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law

in favor of the plaintiff.**[fn55]** A federal court should make "these determinations based on the plaintiff's pleadings at the time of removal; but the court may [also] consider affidavits and deposition transcripts submitted by the parties."**[fn56]**

Page 12

It is important to note that "[w]hile the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b) . . the jurisdictional inquiry must not subsume substantive determination."**[fn57]** Indeed, federal courts must be certain of their jurisdiction before "embarking upon a safari in search of a judgment on the merits."**[fn58]** As such, "[w]hen considering a motion to remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."**[fn59]** In other words, a "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for *obviously fraudulent or frivolous claims.*"**[fn60]**

Page 13

"On a motion to remand, the removing party bears the burden of proof on the issue of diversity."**[fn61]** "It follows that the burden of proving that joinder of non-diverse resident defendants was a fraudulent attempt to defeat removal also rests on the removing party."**[fn62]**

**C. APPLICATION**

**1. The Fraudulent Joinder of Mr. Fravel**

In this instance, the parties do not dispute the fact that the Florida Workers Compensation Act affords Mr. Fravel immunity from liability for injury or death arising out of this industrial vehicle collision.**[fn63]** Nor do the parties dispute the fact that there are several recognized exceptions to Mr. Travel's immunity. In that regard, the Workers Compensation Act provides as follows: "[immunity] shall not be applicable to an employee who acts, with

Page 14

respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with *gross negligence* when such acts result in injury or death or such acts proximately cause such injury or death."**[fn64]**

The term gross negligence, as it is used in that statute, requires the following:

First of all, gross negligence presupposes the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than normal and

usual . . peril . . Secondly, gross negligence must be predicated on a showing of chargeable knowledge or awareness of the imminent danger spoken of. And thirdly, the act or omission complained of must occur in a manner which evinces a conscious disregard of consequences, as distinguished from a careless disregard thereof (as in simple negligence) or from the more extreme willful or wanton disregard thereof (as in culpable or criminal negligence).[fn65]

Applying the aforementioned standards to the case at hand, this Court finds that the Plaintiff's action for gross negligence against Mr. Fravel is not so obviously frivolous as to be considered fraudulent.[fn66] Foremost, it is plausible that Mr. Travel's operation of an industrial vehicle in reverse constitutes an imminent or clear and present danger amounting to more than a normal and usual peril. Second, the record reflects that it is within the realm of possibilities that Mr. Fravel was aware of the imminent danger spoken. Specifically, Mr.

Page 15

Travel admitted to having seen Mr. Van Nguyen in the immediate vicinity prior to the collision.[fn67] And finally, it is feasible that the collision could have occurred in such a manner as to evidence a conscious disregard of the consequences.

In sum, "drawing all reasonable inferences from the record in the Plaintiff's favor and then resolving all contended issues of fact in favor of the plaintiff",[fn68] this Court finds that there is a possibility that a state court would find that the complaint states a cause of action against Mr. Fravel.[fn69] As such, there is no fraudulent joinder, and this case must be remanded for lack of subject matter jurisdiction."[fn70]

Since this Court has determined that Mr. Fravel was not fraudulently joined, it is unnecessary to address whether Bobcat is a proper party.

### D. ATTORNEY FEES

In her Motion to Remand, the Plaintiff seeks attorney fees and costs pursuant to 28 U.S.C. § 1447(c) on the grounds that Clark's "removal was totally without merit."[fn71] That provision provides, in pertinent part, that an order remanding a case to the state court "may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."[fn72] "Whether to award fees and costs under this section is within the Court's sole discretion."[fn73]

In the Middle District of Florida, where subject matter jurisdiction is lacking "a showing of bad faith is not necessary as a predicate to the

Page 17

award of attorney's fees [under 28 U.S.C. § 1447(c)]." **[fn74]** Rather, the "intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improper removals." **[fn75]**

In this case, although the filing of the Notice of Removal may have been in good faith, the Notice was improper because this Court lacks subject matter jurisdiction. **[fn76]** In fact, it can be stated with relative ease that the Notice was patently improper considering the facts presented in the case, the presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand, **[fn77]** and Eleventh Circuit precedent providing that in the remand context "the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." **[fn78]**

Accordingly, this Court finds that "as a matter of fairness", the plaintiff is entitled to recover from the Defendant, the Clark Equipment Company, all just costs and any actual expenses, including attorneys fees, incurred as a result of the removal. **[fn79]**

Page 18

## VI. CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1. The Defendant's, Bobcat of Orlando, Inc., June 13, 2003 Objections to Magistrate Judge's Proposed Findings and Recommendations Contained Within Report on Remand (Doc. No. 49) are **OVERRULED**.

2. The Defendant's, Clark Equipment Company, June 13, 2003 Objections to Magistrate Judge's Report and Recommendation on Remand (Doc. No. 50) are **OVERRULED**.

3. United States Magistrate Judge James G. Glazebrook's May 27, 2003 Report and Recommendation (Doc. No. 44) is **APPROVED** and **ADOPTED**.

(a) The Plaintiff's, Huong Thi Tran, as the personal representative of the Estate of No Van Nguyen, February 24, 2003 Motion to Remand (Doc. No. 10) is **GRANTED**.

Page 19

(b) This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The clerk shall take all necessary steps to effectuate this remand including forwarding a certified

4. This Court retains jurisdiction to secure payment for the just costs and actual expenses, including attorney fees, incurred as a result of this improper removal

(a) The parties shall confer in a good faith effort to determine the amount of attorneys' fees and costs to be paid.

(b) If the parties fail to reach an agreement the Plaintiff shall submit to this Court a Bill of Costs and other appropriate documentation evincing all costs, actual expenses, and attorney fees expended in connection with attacking this improper removal.

(c) The Plaintiff shall file such Bill of Costs on or before Monday, July 21, 2003.

(d) The Defendant, the Clark Equipment Company, shall have until Monday, July 28, 2003 to respond to the Plaintiff's Bill of Costs.

**DONE and ORDERED.**

[fn1] *See* Clark Equipment Company's Notice of Removal (Doc. No. 1), ¶ 2 at 1; *see also* Petition for Removal Pursuant to **28 U.S.C. § 1441** and **1446** (Doc. No. 2), ¶ 8 at 2-3.

[fn2] *See* First Amended Complaint Before Answer (Doc. No. 1), ¶ 12 at 2.

[fn3] *See id.*, ¶ 11 at 2.

[fn4] *See* Petition for Removal Pursuant to **28 U.S.C. § 1441** and **1446** (Doc. No. 2), ¶ 4 at 2.

[fn5] *See* Clark Equipment Company's Notice of Removal (Doc. No. 1), ¶ 3 at 1-2; *see also* Petition for Removal Pursuant to **28 U.S.C. § 1441** and **1446** (Doc. No. 2), ¶ 8 at 2-3.

[fn6] *See* Petition for Removal Pursuant to **28 U.S.C. § 1441** and **1446** (Doc. No. 2), ¶ 9 at 3.

[fn7] *See* First Amended Complaint Before Answer (Doc. No. 4), ¶ 5 at 2; *see also* Defendant Travel's Answer and Affirmative Defenses to the First Amended Complaint (Doc. No. 6), ¶ 5 at 1.

[fn8] *See generally* First Amended Complaint Before Answer

copy of this Order to that court.

[fn9] *See id.,* ¶ 10 at 2; *see also* Clark Equipment Company's Opposition to Motion to Remand (Doc. No. 15), Ex. 1. at 1.

[fn10] *See id.,* ¶ 3 and at 1.

[fn11] *See* Clark Equipment Company's Opposition to Motion to Remand (Doc. No. 15), Ex. 1. at 1.

[fn12] *See id.*

[fn13] *See* First Amended Complaint Before Answer (Doc. No. 4), 13-14 at pp. 2-3; *see also* Clark Equipment Company's Opposition to Motion to Remand (Doc. No. 15), Ex. 1. at 1-2.

[fn14] *See* Clark Equipment Company's Opposition to Motion to Remand (Doc. No. 15), Ex. 1 at 1-2; *see also* First Amended Complaint Before Answer (Doc. No. 4), ¶ 14 at 2-3.

[fn15] *See* Clark Equipment Company's Memorandum in Support of Objection to Magistrate Judge's Report and Recommendation on Remand (Doc. No. 51) at 2.

[fn16] *See* First Amended Complaint Before Answer (Doc. No. 4), 6 at 2; *see also* Defendant, Clark Equipment Company's Answer and Affirmative Defenses to First Amended Complaint Before Answer (Doc. No. 7), ¶ 2 at 1-2.

[fn17] *See generally* First Amended Complaint Before Answer (Doc. No. 4).

[fn18] *See id.* at 3-4.

[fn19] *See id.* at 4-5.

[fn20] *See id.* at 5-6.

[fn21] *See id.* at 7-8.

[fn22] *See id.* at 8-10. In the First Amended Complaint Before Answer (Doc. No. 4), the Plaintiff misnumbered her claim for Breach of Implied Warranty of Fitness and Merchantability as Count IV instead of Count V. For the purpose of this Order, that cause of action will be referred to as Count V.

[fn23] *See generally* Clark Equipment Company's Notice of Removal (Doc. No. 1); *see also* Petition for Removal Pursuant to 28 U.S.C. § 1441 and 1446 (Doc. No. 2); First Amended Complaint

[fn24] Title 28 U.S.C. § 1441 (a) & (b) provide as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or rights arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (a) & (b) (emphasis added).

[fn25] See generally Petition for Removal Pursuant to 28 U.S.C. § 1441 and 1446 (Doc. No. 2). Title 28 U.S.C. § 1446 provides, in relevant part, as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446 (a).

[fn26] See Petition for Removal Pursuant to 28 U.S.C. § 1441 and 1446 (Doc. No. 2), ¶ 1 at 3.

[fn27] Petition for Removal Pursuant to 28 U.S.C. § 1441 and 1446 (Doc. No. 2), ¶ 6 at 2.

[fn28] *Id.*, ¶ 9 at 3.

[fn29] *See generally* Plaintiff's Motion to Remand and Supporting Memorandum of Law (Doc. No. 10).

[fn30] *See generally* Doc. No. 41.

[fn31] *See generally* Doc. No. 44.

[fn32] Doc. No. 44 at 7.

[fn33] *See generally* Docs. No. 49 & 50.

[fn34] *See* Clark Equipment Company's Objections to Magistrate Judge's Report and Recommendation on Remand (Doc. No. 50) at 1-2.

[fn35] *Id.*, ¶ 1 at 1.

[fn36] *Id.*, ¶ 2 at 1-2 (internal quotation marks omitted).

[fn37] *Id.*, ¶ 3 at 2 (emphasis in the original).

[fn38] *Id.*, ¶ 4 at 2.

[fn39] *See* 28 U.S.C. § 636(b)(1)(C) (2003).

[fn40] *Lacy v. Apfel*, 2000 U.S. Dist. Lexis 21437, *2-3 (M.D. Fla. Oct. 20, 2000) (quoting *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990)).

[fn41] *Id.* at 3 (emphasis added) (internal citation omitted).

[fn42] *See id.*

[fn43] *See* 28 U.S.C. § 636(b)(1)(C).

[fn44] *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[fn45] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand") (internal

[fn46] *Russell Corp v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (internal citations and quotations omitted).

[fn47] *See De Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Tapscott v. MS Dealer Serv. Corp.*, 17 F.3d 1353, 1356 (11th Cir. 1996) ("A removing defendant has the burden of proving the exercise of federal jurisdiction").

[fn48] 14 A Charles Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3721 at 218-19 (2d ed. 1985) ("Wright & Miller").

[fn49] *Tillman v. RJ. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (citing 28 U.S.C. § 1441(b)).

[fn50] *Id.*, (internal citation omitted); *see also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996) ("An action may nevertheless be removable if the joinder of non-diverse parties is fraudulent").

[fn51] *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

[fn52] *See id.*; *see also Estate of Ayres v. Beaver*, 48 F. Supp.2d 1335, 1340-1341 (M.D. Fla. 1999).

[fn53] *Triggs*, 154 F.3d at 1287 (internal citation and quotation omitted); *see also Tillman*, 253 F.3d at 1305; *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir 1983), superceded by statute on other grounds as stated in *Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989).

[fn54] *Triggs*, 154 F.3d at 1287; *Tillman*, 253 F.3d at 1305 (accord).

[fn55] *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citation omitted); *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) ("In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff") (internal citation omitted); *Coker*, 709 F.2d at 1440 ("The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff") (internal citation omitted); *Montgomery & Larmoyeux v. Phillip Morris, Inc.*, 992 F. Supp. 1372, 1374 (S.D. Fla. 1998) ("To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most

favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff) (internal citation omitted).

[fn56] *Crowe*, 113 F.3d at 1538 (internal citation omitted); *Cabalceta*, 883 F.2d at 1561 (recognizing that in addressing the issue of fraudulent joinder, a district court can consider any submitted affidavits and/or deposition transcripts).

[fn57] *Id.* (internal citation and quotations omitted); *see also Montgomery & Larmoyeux*, 992 F. Supp. at 13 75 ("Therefore, a plaintiff need not show that he can survive a motion for summary judgment; the standard is much lighter").

[fn58] *Crowe*, 113 F.3d at 1538 (internal citations and quotations omitted).

[fn59] *Id.* (internal citation omitted).

[fn60] *Id.* at 1542 (emphasis added); *see also Montgomery Larmoyeux*, 992 F. Supp. at 1375 (recognizing that a district court's role in deciding whether a case should be remanded is limited to checking for obviously fraudulent and frivolous claims).

[fn61] *Coker*, 709 F.2d at 1440; *see also Cheves v. Gips*, 1994 U.S. Dist Lexis 17541, *5 (M.D. Fla. 1994).

[fn62] *Cheves*, 1994 U.S. Dist. Lexis 17541, *5; *see also Cabalceta*, 883 F.2d at 1561 ("The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent"); *Coker*, 709 F.2d at 1440 (recognizing that the burden of proving that the joinder of nonresident defendants was fraudulent rests on the removing party); *Montgomery & Larmoyeux*, 992 F. Supp. at 1374 (recognizing that the burden of proof falls upon the party seeking to remove a case from state court on the basis of fraudulent joinder).

[fn63] In that connection, Florida's Workers Compensation Act provides as follows:

The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof, husband or wife and anyone otherwise entitled to recover damages from such employer at law . . . on account of such injury or death . . . The same immunities from liability enjoyed by an employer

Fla. Stat § 440.11(1).

shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter.

[fn64] Id. (emphasis added).

[fn65] Kline v. Rubio, 652 So.2d 964, 965 (Fla. 3rd DCA 1995) (internal citations and quotations omitted), rev. denied, 660 So.2d 714 (Fla. 1995); Gerentin v. McComb, 586 So.2d 94, 95 (5th DCA 1991); Hoyt v. Corbett, 559 So.2d 98, 100 (4th DCA 1990) (same), rev. denied., 559 So.2d 1278 (Fla. 1990); Courtney v. Florida Transformer, Inc., 549 So.2d 1061, 1064-65 (1st DCA 1989) (same); Glaab v. Caudill, 236 So.2d 180, 183-84 (Fla. 2nd DCA 1970).

[fn66] Crowe v. Coleman, 113 F.3d 1536, 1542 (11th Cir. 1997) ("In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claim must be limited to checking for obviously fraudulent or frivolous claims").

[fn67] See Clark Equipment Company's Opposition to Motion to Remand (Doc. No. 15), Ex. 1 at 1-2.

[fn68] Crowe, 113 F.3d at 1541-42 (internal citations and quotations omitted).

[fn69] Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001) (finding that joinder is proper if there exists even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (accord); Crone, 113 F.3d at 1538 (accord) (internal citations and quotations omitted).

[fn70] See 28 U.S.C. § 1441(b) (stating that an action based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

[fn71] Doc. No. 10, ¶ 22 at 8.

[fn72] 28 U.S.C. § 1447(c).

[fn73] Smith v. Health Cir. of Lake City, Inc. 2003 U.S. Dist. Lexis 3801, *30 (M.D. Fla. Feb. 5, 2003) (internal citation omitted);

[fn74] *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D. Fla. 2001) ("The award of attorney's fees and costs under this section is discretionary with the trial court") (internal citation omitted); *Butterworth v. Chances Casino Cruises, Inc.*, 1997 U.S. Dist. Lexis 23561, *14 (M.D. Fla. July 14, 1997) ("The award of fees under 28 U.S.C. § 1447(c) is completely discretionary") (internal citation omitted); *Liebig v. DeJoy*, 814 F.Supp. 1074, 1077 (M.D. Fla. 1993) ("The award of attorney's fees and costs under this section is completely discretionary with the trial court") (internal citation omitted).

[fn75] *Butterworth*, 1997 U.S. Dist. Lexis 23561 at *14 (emphasis added) (internal citation and quotation omitted); *Liebig*, 814 F.Supp. at 1077 (accord).

[fn76] *See Liebig*, 814 F.Supp. at 1077 (noting that Notice of removal is improper where a federal court lacks subject matter jurisdiction).

[fn77] *Russell Corp v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (internal citations and quotations omitted).

[fn78] *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997).

[fn79] *Liebig*, 814 F.Supp. at 1077 (awarding just costs, actual expenses and attorney fees where subject matter jurisdiction was lacking); *see also Butterworth*, 1997 U.S. Dist. Lexis 23561 at *14 (awarding just costs, actual expenses, and attorney fees where subject matter was lacking); *Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union*, 900 F. Supp. 419, 422 (M.D. Fla. 1995) ("Although Defendant may have acted in good faith in filing the Notice of Removal, the Court has already determined that removal was improper because federal subject matter jurisdiction is patently lacking. Therefore, as a matter of fairness, Plaintiff is entitled to recover from the Defendants the actual amount of the expenses incurred as a result of the improper removal of this action").

Result #17: Loislaw Federal District Court Opinions - TRAN v. WASTE MANAGEMENT, INC., (M.D.Fla. 2003)

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved

http://www.loislaw.com/snp/fpopwind.htm (17 of 17)9/29/2005 1:51:30 PM