**EXHIBIT 3**

Case 3:07-cv-00985-EJL Document 16-4 Filed 10/25/2007 Page 2 of 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BOGARD and ROBERT BOGARD,<br><br>  Plaintiffs,<br><br>  v.<br><br>MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware Corporation; DOES 1-50, inclusive,<br><br>  Defendants. | No. C-06-6917 SC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |

## I.   INTRODUCTION

Upon removing this action to federal court, Defendant Merck & Co., Inc. ("Merck") filed a Notice of Pendency of Other Proceeding and a Motion to Stay the Proceedings. See Docket Nos. 1, 3, 5. Defendant seeks the stay in order to give the Judicial Panel on Multidistrict Litigation ("JPML") the opportunity to transfer the case to Multidistrict Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. Plaintiffs Jennifer and Robert Bogard opposed Merck's motion and filed a Motion to Remand. See Docket Nos. 9 and 10.  For the reasons stated herein, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand without prejudice.

## II.   BACKGROUND

Plaintiff Jennifer Bogard alleges that she ingested and was

<div style="text-align: center; font-style: italic;">United States District Court<br/>For the Northern District of California</div>

1  injured by the prescription drug Fosamax, which is manufactured by
2  Merck and marketed, distributed, and sold by Defendant McKesson
3  Corporation ("McKesson"). <u>See</u> Complaint, Docket No. 10.
4  Plaintiffs filed suit in the California Superior Court for the
5  County of San Francisco. <u>See</u> Docket No. 10. Merck removed the
6  case to federal court on the basis of diversity jurisdiction, 28
7  U.S.C. § 1332, alleging that McKesson, a California citizen, was
8  fraudulently joined. <u>See</u> Docket No. 1.
9
10 **III. LEGAL STANDARD**
11     "[T]he power to stay proceedings is incidental to the power
12 inherent in every court to control the disposition of the causes
13 on its docket with economy of time and effort for itself, for
14 counsel, and for litigants." <u>Landis v. North American Co.</u>, 299
15 U.S. 248, 254 (1936). "A trial court may, with propriety, find it
16 is efficient for its own docket and the fairest course for the
17 parties to enter a stay of an action before it, pending resolution
18 of independent proceedings which bear upon the case." <u>Leyva v.</u>
19 <u>Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863 (9th Cir.
20 1979).
21
22 **IV. DISCUSSION**
23     Appropriate grounds for transferring a case to multidistrict
24 litigation include promoting "the just and efficient conduct of
25 such actions." 28 U.S.C. § 1407(a). The issue of whether
26 McKesson was fraudulently joined in order to destroy federal
27 jurisdiction is identical to that posed in other Fosamax cases.
28

1   See Tanzer Decl., Docket No. 17 (including an order from Morris v.
2   Merck & Co., Inc. et al., a case from the Central District of
3   California addressing the same issue and concluding that a stay
4   was appropriate). As the Morris court and others have concluded,
5   consideration of Plaintiffs' Motion to Remand and the issue of
6   fraudulent joinder outside the JPML would foster "unnecessarily
7   duplicative litigation, an inefficient use of judicial resources,
8   and the risk of inconsistent results." Stempien v. Eli Lilly and
9   Co., 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006) (discussing
10  the potentially fraudulent joinder of McKesson in the Zyprexa
11  litigation). In the interests of judicial economy, the best
12  results will be obtained by referring the case to Multidistrict
13  Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. for
14  resolution of this issue in coordinated pretrial proceedings.

## V.  CONCLUSION

The Court GRANTS Defendant's Motion to Stay. All proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier. In addition, the Court DENIES Plaintiffs' Motion to Remand without prejudice to re-file in the event transfer is unsuccessful.

IT IS SO ORDERED.

Dated: February 6, 2007

UNITED STATES DISTRICT JUDGE

3