**EXHIBIT 4**

P Send



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NANCY FERRARO, a single woman; LILLIE H. AUGERSON, a single woman; LUIGA MORRA, a single woman; EVELYN LACEY, a single woman; JERRY W. GRAHAM, a single woman; MINA A. HOLCOMB, a single woman,

Plaintiffs,

vs.

MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50

Defendants.

CV 06-7733 FMC (PJWx)

ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (docket no. 11), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14), filed on January 4, 2007, and January 11, 2007, respectively. The Court has considered the moving and opposition documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for

February 5, 2007, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Nancy Ferraro, Lillie H. Augerson, Luiga Morra, Evelyn Lacey, Jerry W. Graham, and Mina A. Holcomb took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the State of California, County of Los Angeles, on December 1, 2006. Plaintiffs allege, *inter alia*, that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease, and other conditions. Plaintiffs further allege that, as a proximate result of ingesting Fosamax, they have been permanently and severely injured.

On December 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue that joinder was proper. In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiffs' joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other

1  proceedings in this action should be stayed until such time.[1] McKesson joins in
2  Merck's Opposition to the motion to remand and in the Motion to Stay in all
3  respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of

---

[1] Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on December 27, 2006. Plaintiffs were required to file a Motion to Vacate that Order on or before January 25, 2007. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 3-4.

[2] According to the JPML website, there are now 77 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

3

1  Defendant McKesson and/or other "distributor" defendants.[3] Consideration of
2  Plaintiffs' remand motion by this Court at this juncture would therefore run the risk
3  of inconsistent rulings between different judges in different districts and/or would
4  constitute an inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.,*
5  2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant
6  Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this
7  district, judges in other California districts would nonetheless have to decide the
8  issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of
9  judicial resources, and the risk of inconsistent results.").

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

/ /
/ /
/ /
/ /
/ /

---

[3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibit 3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4

1    Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice
2 to the filing of a renewed motion if transfer is denied.
3
4 **IT IS SO ORDERED.**
5 Dated: February ___, 2006

*[signature]*
FLORENCE-MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

5