**EXHIBIT 5**



FILED
CLERK, U.S. DISTRICT COURT
DEC - 7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE E. CLAYTON, <br><br> Plaintiff, <br><br> vs. <br><br> MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50 <br><br> Defendants. | CV 06-6398 FMC (PJWx) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFF'S MOTION TO REMAND |



DOCKETED ON CM
Ventered
DEC - 7 2006
BY ___ 085

This matter is before the Court on Plaintiff's Motion to Remand to State Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006, respectively. The Court has considered the moving, opposition and reply documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for December 11, 2006, is removed from the Court's calendar. For the reasons and in the manner set forth below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's



#19

Motion to Remand without prejudice to the filing of a renewed motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax Prods. Liab. Litig.*

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed her Complaint in the Superior Court for the State of California, County of Los Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants misrepresented (affirmatively and through a failure to warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's Disease and other conditions. Plaintiff further alleges that, as a proximate result of injesting Fosamax, she has been permanently and severely injured.

On October 6, 2006, Defendant Merck removed the action to this Court on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a California citizen, is fraudulently joined. In her motion to remand, Plaintiff argues that joinder was proper. In its Opposition to the motion and in its separate Motion for Stay, Merck maintains that resolution of the question of the propriety of Plaintiff's joinder of McKesson should be deferred pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other proceedings in this action should be stayed until such time.[1] McKesson joins in Merck's Opposition to the motion to remand and the Motion

---

[1] Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

2

to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final decision regarding transfer is in the interest of judicial economy. A steady succession of cases involving the drug Fosamax are being filed in this district and other districts throughout the country and are awaiting transfer to the MDL proceedings.[2] Given the similarity of this litigation to other recent pharmaceutical products liability litigation, the Court finds that there are likely to be many more cases (in this district or otherwise) which present the precise question of the propriety of joinder of Defendant McKesson and/or other "distributor" defendants.[3] Consideration of Plaintiff's remand motion by this

---

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re: Fosamax Prods. Liab. Litig.* See http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

[3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

3

1 Court at this juncture would therefore run the risk of inconsistent rulings between
2 different judges in different districts and/or would constitute an inefficient use of
3 judicial resources. *Cf. Stempien v. Eli Lilly & Co.,* 2006 U.S. Dist. LEXIS
4 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion
5 to relate all Zyprexa cases naming McKesson Corporation in this district, judges
6 in other California districts would nonetheless have to decide the issue, thus
7 resulting in unnecessarily duplicative litigation, an inefficient use of judicial
8 resources, and the risk of inconsistent results.").

## CONCLUSION

Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 12) is GRANTED. Proceedings in this case are STAYED until issuance of a final decision by the JPML regarding transfer or for sixty (60) days, whichever is earlier.

Plaintiff's Motion to Remand (docket no. 10) is DENIED without prejudice to the filing of a renewed motion if transfer is denied.

IT IS SO ORDERED.

December 7, 2006

FLORENCE MARIE COOPER, JUDGE
UNITED STATES DISTRICT COURT

---

and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

4