**EXHIBIT 13**

WCS&R

SEP 28 2006

RECEIVED

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 28 2006

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
D. Garcia

1 | Robert F. Clarke, Esq.
CA Bar ID 79881
2 | PHILLIPS & ASSOCIATES
3030 North Third Street, Suite 1100
3 | Phoenix, Arizona 85012
Tel: (602) 258-8900 ext. 295
4 | Fax: (602) 279-9155

5 | Attorneys for Plaintiff

6 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7 | **FOR THE COUNTY OF LOS ANGELES**

8 | ANNE E. CLAYTON;

Case No: ___ BC359113

9 | Plaintiff,

**COMPLAINT FOR DAMAGES**

10 | vs.

**and**

11 | MERCK & CO., INC., a New Jersey
corporation; MCKESSON
12 | CORPORATION, a Delaware corporation;
DOES 1-50,

**DEMAND FOR JURY TRIAL**

13 | Defendants.

14 | 

15 | For their Complaint against the defendants, plaintiff allege:

16 | **PARTIES**

17 | 1.    Plaintiff Anne E. Clayton, is a citizen of the State of Idaho, and Plaintiff Anne E.

18 | Clayton was prescribed and ingested Fosamax™.

19 | 2.    Defendant Merck & Co., Inc., (hereafter, "Merck") is a corporation organized

20 | and existing under the laws of the State of New Jersey, with its principal place of business

21 | in New Jersey. Merck was and is authorized to do business in the State of California and was

22 | engaged in substantial commerce and business activity in the County of Los Angeles.

23 | 3.    Defendant McKesson Corporation (hereafter, "McKesson") was and is a

24 | corporation organized and existing under the laws of the State of Delaware, with its principal

25 | place of business in San Francisco, California. McKesson was and is authorized to do

26 | business in the State of California and was engaged in substantial commerce and business

SEP-27-06   09:49AM   FROM-E.S.Q. Services          619-296-0140          T-276   P.011/042   F-403

1   activity in the County of Los Angeles.

2       4.      The true names or capacities, whether individual, corporate, or otherwise, of
3   Defendants Doe 1-50, are unknown to Plaintiff who therefore sue said Defendants by such
4   fictitious names. Plaintiff believe and allege that each of the Defendants designated herein
5   by fictitious names is in some manner legally responsible for the events and happenings
6   herein referred to and proximately caused foreseeable damages to Plaintiff as alleged herein.

7       5.      At all times herein mentioned, "Defendants" include all named Defendants
8   herein as well as Defendants Does 1-50.

9       6.      At all relevant times Defendants, through their agents, servants, employees and
10  apparent agents, were the designers, manufacturers, marketers, distributors and/or sellers of
11  Fosamax™, a bisphosphonate drug used primarily to mitigate or reverse the effects of
12  osteoporosis, osteopenia, and Paget's Disease.

13      7.      Defendants, either directly or through their agents, apparent agents, servants
14  or employees, at all relevant times, sold and distributed Fosamax™ in the State of California.

15      8.      Defendants derive substantial revenue from pharmaceutical products used or
16  consumed in the State of California.

17      9.      Defendants expected or should have expected, that their business activities
18  could or would have consequences within the State of California.

19      10.     Plaintiff bring this action to recover damages, restitution, refunds, loss of
20  consortium and/or for equitable, injunctive and declaratory relief against Defendants.

21      11.     Defendants placed Fosamax™ into the stream of worldwide commerce and
22  interstate commerce in the United States. It did so without adequate testing and with no
23  warning that the drug carried with it a risk of causing osteonecrosis of the jaw.

24      12.     Plaintiff needs continued medical monitoring to prevent or mitigate the future
25  onset of osteonecrosis of the jaw or treat osteonecrosis of the jaw which has already
26  manifested.

2
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## SUMMARY OF THE CASE

13.   Defendants, either directly or through their agents, apparent agents, servants or employees, designed, manufactured, marketed, advertised, distributed and sold Fosamax™ for the treatment of osteoporosis, Paget's disease, and other uses.

14.   As a result of the defective nature of Fosamax™, persons who were prescribed and ingested Fosamax™, including Plaintiff, have suffered and may continue to suffer severe and permanent personal injuries, including osteonecrosis of the jaw.

15.   Defendants concealed and continues to conceal its knowledge of Fosamax™'s unreasonably dangerous risks from Plaintiff, other consumers, and the medical community.

16.   Defendants failed to conduct adequate and sufficient post marketing surveillance of Fosamax™ after it began marketing, advertising, distributing, and selling the drug.

17.   As a result of Defendants' actions and inaction, Plaintiff was injured due to ingestion of Fosamax™, which has caused and will continue to cause Plaintiff various injuries and damages.  Plaintiff accordingly seeks compensatory damages.

## FACTUAL BACKGROUND

18.   At all relevant times Defendants were responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing , and selling Fosamax™.

19.   In September, 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate sodium for various uses, including the treatment of osteoporosis and Paget's Disease.  Alendronate sodium is marketed by Defendants as Fosamax™. Defendants did not provide the FDA with available data which was necessary to allow for a complete and informed approval process, and had the FDA been provided with such information, additional warnings would have been added to the label, including, but not limited to those pertaining to osteonecrosis..

20.   Fosamax™ falls within a class of drugs known as bisphosphonates.

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 | Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's
2 | Disease.  Other drugs within this class, such as Aredia™ and Zometa™, are used as
3 | chemotherapy and as adjunct chemotherapy, but are not indicated for use in non-cancerous
4 | conditions such as osteoporosis.

5 |     21.    There are two classes of bisphosphonates: the N-containing (nitrogenous) and
6 | the non-N-containing (non nitrogenous) bisphosphonates.  The nitrogenous bisphophonates
7 | include the following: pamidronate (Aredia™), ibandronate (Bondronat), and alendronate
8 | (Fosamax™).  The non-nitrogenous bisphosphonates include the following: etridonate
9 | (Didronel™), clodronate (Bonefos™ and Loron™), and tiludronate (Skelid™). Alendronate
10 | contains a nitrogen atom. The Physicians Desk Reference ("PDR") for Fosamax™ confirms
11 | that the molecule contains a nitrogen atom.

12 |     22.    Throughout the 1990's and 2000's, medical articles and studies appeared
13 | reporting the frequent and common occurrence of osteonecrosis of the jaw within
14 | chemotherapy patients taking nitrogenous bisphosphonates.  As with its reported and
15 | acknowledged side effects concerning irritation, erosion, and inflammation of the upper
16 | gastrointestinal tract, Defendants knew or should have known that Fosamax™, as a
17 | nitrogenous bisphosphonate, shared an adverse event profile similar to the other drugs within
18 | this specific subclass of bisphosphonates (i.e., those containing nitrogen).

19 |     23.    Defendants knew and or should have known that bisphosphonates, including
20 | Fosamax™, inhibit endothelial cell function.  Similarly, Defendants knew or should have
21 | known that bisphosphonates also inhibit vascularization of the affected area and induce
22 | ischemic changes specific to patients' mandibles (lower jaws) and maxillae (upper jaws) and
23 | that these ischemic changes appear to be cumulative in nature, all of which provided
24 | Defendants with more than reasonable evidence of a causal association between the use of
25 | Fosamax™ and osteonecrosis, a clinically significant hazard.

26 |     24.    Defendants also knew or should have known that these factors combine to

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  create a compromised vascular supply in the affected area. As a result, a minor injury or
2  disease can turn into a non-healing wound, which can progress to widespread osteomyelitis
3  (inflammation of bone marrow) and ultimately osteonecrosis (bone death).

4      25.    Dentists are now being advised by dental associations to refrain from
5  undertaking any invasive procedure (such as drilling a cavity) for any patient on Fosamax™.

6      26.    Once the osteonecrosis begins and becomes symptomatic, it is very difficult
7  to treat and typically is not reversible.

8      27.    Shortly after Defendants began selling Fosamax™, reports of onteonecrosis
9  of the jaw and other dental complications among users began surfacing, indicating that
10 Fosamax™ shared the class effects of the other nitrogenous bisphosphonates. Despite this
11 knowledge, Defendants failed to implement further studies regarding the risk of
12 osteonecrosis of the jaw relative to Fosamax™. Rather than evaluating and verifying the
13 safety of Fosamax™ with respect to osteonecrosis of the jaw, Defendants proposed further
14 uses of Fosamax™, such as Fosamax™-D, and sought to extend the exclusivity period of
15 Fosamax™ through 2018.

16     28.    Osteonecrosis of the jaw is a serious medical event and can result in severe
17 disability and death.

18     29.    Since Fosamax™ was released, the FDA has received a significant number of
19 reports of osteonecrosis of the jaw among users of Fosamax™.

20     30.    On August 25, 2004 the United States Food & Drug Administration ("FDA")
21 posted its ODS Postmarketing Safety Review on bisphosphonates, specifically pamidronate
22 (Aredia™), zoledronic acid (Zometa™), risedronate (Actonel™), and alendronate
23 (Fosamax™). This was an epidemiologic review of the FDA adverse events database
24 conducted by the FDA's Division of Drug Risk Evaluation.

25     31.    As a result of the FDA Review, the FDA observed that the risk of osteonecrosis
26 of the jaw was not confined to bisphosphonates used for chemotherapy. The FDA's review

5

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   indicated that the osteonecrosis of the jaw was a class effect which specifically extended to
2   the oral bisphosphonate, Fosamax™.

3       32.    As a result, the FDA recommended and stated that the labeling for Fosamax™
4   should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw.
5   Defendants have refused to accede to the FDA's request and, to this day, still do not
6   adequately warn of the risk of osteonecrosis of the jaw in its Fosamax™ labeling.

7       33.    Rather than warn patients and despite knowledge known by Defendants about
8   increased risk of osteonecrosis of the jaw on patients using Fosamax™, Defendants continue
9   to defend Fosamax™, mislead physicians and the public, and minimize unfavorable findings.

10

11       34.    Fosamax™ is one of the Defendants' top selling drugs, averaging more than
12   $3 billion a year in sales.

13       35.    Consumers, including Plaintiff, who have used Fosamax™ for treatment of
14   osteoporosis, have several alternative safer products available to treat the conditions.

15       36.    Defendants knew of the significant risk of dental and oral complications caused
16   by ingestion of Fosamax™, but Defendants did not adequately and sufficiently warn
17   consumers, including Plaintiff, or the medical community, of such risk.

18       37.    As a direct result, Plaintiff was prescribed Fosamax™ and has been
19   permanently and severely injured, having suffered serious consequences from the ingestion
20   of Fosamax™. Plaintiff requires and will in the future require ongoing medical care and
21   treatment.

22       38.    Plaintiff has suffered mental anguish from the knowledge that Plaintiff will
23   have life-long complications as a result of the injuries Plaintiff sustained from the use of
24   Fosamax™.

25       39.    Plaintiff was prescribed and used Fosamax™ in a foreseeable manner pursuant
26   to her prescriptions.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1    40.    Plaintiff, as a direct and proximate result of using Fosamax™, suffered severe
2    mental and physical pain and suffering and has sustained permanent injuries and emotional
3    distress.

4    41.    Plaintiff used Fosamax™ which had been provided in a condition that was
5    substantially the same as the condition in which it was manufactured and sold.

6    42.    Plaintiff would not have used Fosamax™ had Defendants properly disclosed
7    the risks associated with the drug.   Alternatively, Plaintiff would have known and/or
8    recognized the precursor events of osteonecrosis of the jaw and would have been able to
9    avoid the clinical manifestation of the disease.

10    43.    Defendant, through their affirmative misrepresentations and omissions, actively
11    concealed from Plaintiff and their physicians the true and significant risks associated with
12    taking Fosamax™. The running of any applicable Statute of Limitations has been tolled by
13    reason of Defendants' fraudulent concealment.

14    44.    As a result of Defendants' actions, Plaintiff and her prescribing physicians
15    were unaware, and could not have reasonably known or have learned through reasonable
16    diligence, that Plaintiff had been exposed to the risk identified in this complaint, and that
17    those risks were the direct and proximate result of Defendants' acts, omissions, and
18    misrepresentations.

19                          **FIRST CAUSE OF ACTION**
                                **(Negligence)**
20
21    45.    Plaintiff restates the allegations set forth above as if fully rewritten herein.

22    46.    Defendants owed Plaintiff, and other consumers, a duty to exercise reasonable
23    care when designing, manufacturing, marketing, advertising, distributing, and selling
      Fosamax™.
24
25    47.    Defendants failed to exercise due care under the circumstances and therefore
26    breached this duty by:

7
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1              a.      Failing to properly and thoroughly test Fosamax™ before releasing the
2   drug to market;

3              b.      Failing to properly and thoroughly analyze the data resulting from the
4   pre-marketing tests of Fosamax™;

5              c.      Failing to conduct sufficient post-market testing and surveillance of
6   Fosamax™;

7              d.      Designing, manufacturing, marketing, advertising, distributing, and
8   selling Fosamax™ to consumers, including Plaintiff, without an adequate warning of the
9   significant and dangerous risks of Fosamax™ and without proper instructions to avoid the
10  harm which could foreseeably occur as a result of using the drug;

11             e.      Failing to exercise due care when advertising and promoting
12  Fosamax™; and,

13             f.      Negligently continuing to manufacture, market, advertise, and distribute
14  Fosamax™ after Defendants knew or should have known of its adverse effects.

15      48.   As a direct and proximate consequence of Defendants' actions, omissions, and
16  misrepresentations, Plaintiff suffered serious personal injuries. In addition, Plaintiff required
17  and will continue to require healthcare and services. Plaintiff has incurred and will continue
18  to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer
19  diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of
20  premature death, aggravation of preexisting conditions and activation of latent conditions,
21  and other losses and damages. Plaintiff's direct medical losses and costs include care for
22  hospitalization, physician care, monitoring, treatment, medications, and supplies. Plaintiff
23  has incurred and will continue to incur mental and physical pain and suffering. Plaintiff has
24  suffered loss of wages and wage-earning capacity.

25      49.   Defendants' conduct as described above was committed with knowing,
26  conscious, wanton, willful, and deliberate disregard for the value of human life and the rights

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 | and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so
2 | as to punish Defendants and deter them from similar conduct in the future.

3 |       **WHEREFORE,** Plaintiff demands judgment against Defendants and seek
4 | compensatory damages, and exemplary and punitive damages together with interest, the costs of suit,
5 | attorneys' fees and such other and future relief as the Court deems just and proper.

6 | **SECOND CAUSE OF ACTION**<br>**(Strict Liability)**

7 |     50.    Plaintiff restates the allegations set forth above as if fully rewritten herein.

8 |     51.    Defendants manufactured, sold, distributed, marketed, and/or supplied
9 |
10 | Fosamax™ in a defective and unreasonably dangerous condition to consumer, including
Plaintiff.

11 |     52.    Defendants designed, manufactured, sold, distributed, supplied marketed,
12 | and/or promoted Fosamax™, which was expected to reach and did in fact reach consumers,
13 | including Plaintiff, without substantial change in the condition in which it was manufactured
14 | and sold by Defendants.

15 |     53.    Plaintiff used Fosamax™ as prescribed and in a manner normally intended,
16 | recommended, promoted and marketed by Defendants.

17 |     54.    Fosamax™ failed to perform safely when used by ordinary consumers,
18 | including Plaintiff, including when it was used as intended and in a reasonably foreseeable
19 | manner.

20 |     55.    Fosamax™ was defective in its design and was unreasonably dangerous in that
21 | its unforeseeable risks exceeded the benefits associated with its design or formulation.

22 |     56.    Fosamax™ was defective in design or formulation in that it posed a greater
23 | likelihood of injury than other similar medications and was more dangerous than an ordinary
24 | consumer could reasonably foresee or anticipate.

25 |     57.    Fosamax™ was defective in its design and was unreasonably dangerous in that
26 |

9<br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 it neither bore nor was packaged with nor accompanied by warnings adequate to alert
2 consumers, including Plaintiff, of the risks described herein, including, but not limited to, the
3 risk of osteonecrosis of the jaw.

4     58.    Although Defendants knew or should have known of the defective nature of
5 Fosamax™, it continued to design, manufacture, market, and sell Fosamax™ so as to
6 maximize sales and profits at the expense of the public health and safety. By so acting,
7 Defendants acted with conscious and deliberate disregard of the foreseeable harm caused by
8 Fosamax™.

9     59.    Plaintiff could not, through the exercise of reasonable care, have discovered
10 Fosamax™'s defects or perceived the dangers posed by the drug.

11     60.    As a direct and proximate consequence of Defendants' conduct, Plaintiff
12 suffered serious personal injuries. In addition, Plaintiff required and will continue to require
13 healthcare. Plaintiff has incurred and will continue to incur medical and related expenses,
14 Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment
15 of life, a diminished quality of life, increased risk of premature death, aggravation of
16 preexisting conditions and activation of latent conditions, and other losses and damages
17 Plaintiff's direct medical losses and costs include care for hospitalization, physician care,
18 monitoring, treatment, medications, and supplies. Plaintiff has incurred and will continue
19 to incur mental and physical pain and suffering. Plaintiff has suffered loss of wages and
20 wage-earning capacity.

21     61.    Defendants' conduct as described above was committed with knowing,
22 conscious, wanton, willful, and deliberate disregard for the value of human life and the rights
23 and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so
24 as to punish Defendants and deter them from similar conduct in the future.

25     **WHEREFORE,** Plaintiff demands judgment against Defendants and seeks
26 compensatory damages, and exemplary and punitive damages together with interest, the costs of suit,

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SEP-27-06   09:52AM   FROM-E.S.Q. Services          619-296-0140          T-276   P.020/042   F-403

1  attorneys' fees and such other and future relief as the Court deems just and proper.

2  / / /

3  ### THIRD CAUSE OF ACTION
   ### (Breach of Express Warranty)

4      62.    Plaintiff restate the allegations set forth above as if fully rewritten herein.

5      63.    Defendants expressly represented to Plaintiff and other consumers and the

6  medical community that Fosamax™ was safe and fit for its intended purposes, that it was of

7  merchantable quality, that it did not produce any dangerous side effects, and that it was

8  adequately tested.

9      64.    Fosamax™ does not conform to Defendants' express representations because

10 it is not safe, has numerous and serious side effects, and causes severe and permanent

11 injuries.

12     65.    At all relevant times Fosamax™ did not perform as safely as an ordinary

13 consumer would expect, when used as intended or in a reasonably foreseeable manner.

14     66.    Plaintiff, other consumers, and the medical community relied upon Defendants'

15 express warranties.

16     67.    As a direct and proximate result of Defendants' actions, Plaintiff suffered

17 serious personal injuries.  In addition, Plaintiff required and will continue to require

18 healthcare and services.  Plaintiff has incurred and will continue to incur medical and related

19 expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the

20 enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation

21 of preexisting conditions and activation of latent conditions, and other losses and damages.

22 Plaintiff' direct medical losses and costs include care for hospitalization, physician care,

23 monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue

24 to incur mental and physical pain and suffering.  Plaintiff has suffered loss of wages and

25 wage-earning capacity.

26

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

68.    Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter them from similar conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendants and seek compensatory damages, and exemplary and punitive damages together with interest, the costs of suit, attorneys' fees and such other and future relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

69.    Plaintiff restates the allegations set forth above as if fully rewritten herein.

70.    Defendants manufactured, distributed, advertised, promoted and sold Fosamax™.

71.    At all relevant times, Defendants knew of the use for which Fosamax™ was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

72.    Defendants were aware that consumers, including Plaintiff, would use Fosamax™ for treatment of osteoporosis and for other purposes.

73.    Plaintiff and the medical community reasonably relied upon the judgment and sensibility of Defendants to sell Fosamax™ only if it was indeed of merchantable quality and safe and fit for its intended use.

74.    Defendants breached their implied warranty to consumers, including Plaintiff; Fosamax™ was not of merchantable quality or safe and fit for its intended use.

75.    Consumers, including Plaintiff, and the medical community, reasonably relied upon Defendants' implied warranty for Fosamax™.

76.    Fosamax™ reached consumers without substantial change in the condition in which it was manufactured and sold by Defendants.

12
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SEP-27-06    08:52AM    FROM-E.S.Q. Services                    619-296-0140          T-276   P.022/042   F-403

77.    As a direct and proximate result of Defendants' actions, Plaintiff suffered serious personal injuries.  In addition, Plaintiff required and will continue to require healthcare services.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff has suffered and will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and cost include care for hospitalization, physician care, monitoring, treatment, medications and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering.  Plaintiff have suffered loss of wages and wage-earning capacity.

78.    Defendants' conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendants and seek compensatory damages, and exemplary and punitive damages together with interest, the costs of suit, attorneys' fees and such other and future relief as the Court deems just and proper.

### FIFTH CAUSE OF ACTION
### (Fraudulent Misrepresentation)

79.    Plaintiff restate the allegations set forth above as if fully rewritten herein.

80.    Defendants made fraudulent misrepresentations with respect to Fosamax™ in the following particulars:

a.    Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that Fosamax™ had been tested and found to be safe and effective for the treatment and prevention of osteoporosis; and

13
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1             b.      Defendants represented that Fosamax™ was safer than other alternative
2 medications.

3          81.     Defendants knew that their representations were false, yet they willfully,
4 wantonly, and recklessly disregarded its obligation to provide truthful representations
5 regarding the safety and risk of Fosamax™ to consumers, including Plaintiff, and the medical
6 community.

7          82.     The representations were made by Defendants with the intent that doctors and
8 patients, including Plaintiff, rely upon them.

9          83.     Defendants' representations were made with the intent of defrauding and
10 deceiving Plaintiff, other consumers, and the medical community to induce and encourage
11 the sale of Fosamax™.

12          84.     Plaintiff's doctors, and others relied upon the representations.

13          85.     Defendants' fraudulent representations evinced its callous, reckless, willful,
14 and depraved indifference to the health, safety and welfare of consumers, including Plaintiff.

15          86.     As a direct and proximate result, Plaintiff suffered serious personal injuries.
16 In addition, Plaintiff required and will continue to require healthcare services. Plaintiff has
17 incurred and will continue to incur medical and related expenses. Plaintiff has suffered and
18 will continue to suffer diminished capacity for enjoyment of life, a diminished quality of life,
19 increased risk of premature death, aggravation of preexisting conditions and activation of
20 latent conditions, and other losses and damages. Plaintiff's direct medical losses and cost
21 include care for hospitalization, physician care, monitoring, treatment, medications and
22 supplies. Plaintiff has incurred and will continue to incur mental and physical pain and
23 suffering. Plaintiff has suffered loss of wages and wage-earning capacity.

24          87.     Defendants' conduct as described above was committed with knowing,
25 conscious, wanton, willful, and deliberate disregard for the value of human life and the rights
26 and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so

1 | as to punish Defendant and deter it from similar conduct in the future.

2 |       **WHEREFORE**, Plaintiff demands judgment against Defendants and seek

3 | compensatory damages, and exemplary and punitive damages together with interest, the costs of suit,

4 | attorneys' fees and such other and future relief as the Court deems just and proper.

5 | **SIXTH CAUSE OF THE ACTION**<br>**(Fraudulent Concealment)**

6

7 |     88.    Plaintiff restates the allegations set forth above as if fully rewritten herein.

8 |     89.    Defendants made fraudulent misrepresentations with respect to Fosamax™ in the following particulars:

9

10 |     a.    Defendants represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory

11

12 | submissions that Fosamax™ was safe and fraudulently withheld and concealed information about the substantial risks of using Fosamax™; and

13

14 |     b.    Defendants represented that Fosamax™ was safer than other alternative medications and fraudulently concealed information which demonstrated that Fosamax™

15 | was not safer than alternatives available on the market.

16

17 |     90.    Defendants had sole access to material facts concerning the dangers and unreasonable risks of Fosamax™.

18

19 |     91.    The concealment of information by Defendants about the risks of Fosamax™ was intentional, and the representations made by Defendants were known by Defendants to

20 | be false.

21

22 |     92.    The concealment of information and the misrepresentations about Fosamax™ were made by Defendants with the intent that doctors and patients including Plaintiff, rely

23 | upon them.

24

25 |     93.    Plaintiff' doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks of Fosamax™ which Defendants concealed from

26

15<br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 | Plaintiff's doctors and Plaintiff.

2 |     94.    As a direct and proximate result of Defendants' fraudulent concealment and
3 | misrepresentation, Plaintiff suffered serious personal injuries. In addition, Plaintiff required
4 | and will continue to require healthcare services. Plaintiff has incurred and will continue to
5 | incur medical and related expenses. Plaintiff has suffered and will continue to suffer
6 | diminished capacity for enjoyment of life, a diminished quality of life, increased risk of
7 | premature death, aggravation of preexisting conditions and activation of latent conditions,
8 | and other losses and damages. Plaintiff' direct medical losses and cost include care for
9 | hospitalization, physician care, monitoring, treatment, medications and supplies. Plaintiff
10 | has incurred and will continue to incur mental and physical pain and suffering. Plaintiff has
11 | suffered loss of wages and wage-earning capacity.

12 |     95.    Defendants' conduct as described above was committed with knowing,
13 | conscious, wanton, willful, and deliberate disregard for the value of human life and the rights
14 | and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so
15 | as to punish Defendant and deter it from similar conduct in the future.

16 |     **WHEREFORE,** Plaintiff demands judgment against Defendants and seek
17 | compensatory damages, and exemplary and punitive damages together with interest, the costs of suit,
18 | attorneys' fees and such other and future relief as the Court deems just and proper.

19 | **SEVENTH CAUSE OF ACTION**<br>**(Equitable Relief)**
20 | **(Medical Monitoring Program and Proper Labeling)**

21 |     96.    Plaintiff restate the allegations set forth above as it fully rewritten herein.

22 |     97.    As a direct and proximate result of Defendants' acts, Plaintiff face an increased
23 | susceptibility to injuries as described herein. The irreparable threat to their health can only
24 | be mitigated by the creation of a medical monitoring fund to provide for a medical
25 | monitoring program, including: notifying Plaintiff and subclasses of the defects and the
26 | potential medical harm; funding of a program for the surgical treatment of osteonecrosis of

16

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 the jaw; funding a study for the long term effects of Fosamax™ upon Plaintiff; gathering and
2 forwarding to treating physicians information relating to the diagnosis and treatment of
3 injuries which may result from the product; and funding for diagnosis and preventative
4 medical treatment, particularly dental and oral monitoring.

5      98.    Plaintiff has no adequate remedy in law in that monetary damages alone do not
6 compensate for the insidius and continuing nature of the harm to them, and only a medical
7 monitoring program which notified Plaintiff and aids in correcting the problems can prevent
8 the greater harms which may not occur immediately and which may be preventable, if proper
9 research is conducted and the health risk are diagnosed and treated before they occur or
10 become worse.

11      99.    Plaintiff has suffered irreparable harm as alleged herein and, in the absence of
12 equitable relief, Plaintiff will suffer further irreparable harm such as death and severe and
13 debilitating injuries from continued retention of the defective drug. Without a medical
14 monitoring program, Plaintiff might not receive prompt medical care which could prolong
15 their productive lives, increase prospects for improvement and minimize disability.

16      100.    Additionally, Defendants have refused to fully abide by the FDA's request to
17 amend the Fosamax™ product labeling information to warn physicians and patients about
18 the risk of osteonecrosis of the jaw. Because of their failure, prescribing physicians are
19 unable to warn patients to be aware of precursor symptoms which, if properly observed and
20 reported to the physician, could result in discontinuation of Fosamax™ therapy and the
21 prevention or mitigation of serious injury, including osteonecrosis of the jaw. This Court
22 should use its equitable powers, in the interest of the public safety and in order to make sure
23 that prescribing physicians have a complete understanding of the risks associated with
24 Fosamax™ to require Defendant to change its label in a format approvable by the FDA to
25 adequately warn physicians and Fosamax™ patients about the risk of osteonecrosis of the
26 jaw and steps which can be taken to prevent or mitigate its occurrence.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1        **WHEREFORE,** Plaintiff demands judgment against Defendants and seek

2   equitable relief in the form of a medical monitoring program this Court's order that Defendants

3   change the labeling of Fosamax™ to appropriately warn of the risk of osteonecrosis of the jaw.

### EIGHTH CAUSE OF ACTION
### (Violation of Business & Profession Code Section 17200)

101.  Plaintiff restate the allegations set forth above as it fully rewritten herein.

102.  Plaintiff are informed and believe and allege that Defendants, by the acts and misconduct alleged herein, violated Business and Professions Code sections 17200.

103.  California Business & Professions Code Section 17200 provides that unfair competition shall mean and include "all unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

104.  The acts and practices described herein were and are likely to mislead the general public and therefore constitute unfair business practices within the meaning of Business & Professions Code Section 17200. The acts and untrue and misleading advertising set forth in presiding paragraphs are incorporated by reference and are, by definition, violations of Business & Professions Code Section 17200. This conduct includes, but is not limited to:

     a.    Representing to Plaintiff, Plaintiff' physicians and the general public that Fosamax™ was safe, fit and effective for human consumption, knowing that said representations were false, and concealing from the Plaintiff, Plaintiff physicians and the general public that Fosamax™ has a serious propensity to cause injuries to users;

     b.    Engaging in advertising programs designed to create the image, impression and belief by consumers, physicians and others that the use of Fosamax™ was safe for human use, had fewer side effects and adverse reactions than other methods for treating mental illness, constituted a convenient, safe form for treating mental illness and would not interfere with daily life, even though the Defendants knew these to be false, and

18

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  even though the Defendants had no reasonable grounds to believe them to be true;

2          c.      Purposely downplaying and understating the health hazards and risks
3  associated with Fosamax™; and

4          d.      Issuing promotional literature deceiving potential users of Fosamax™
5  by relaying positive information and manipulating statistics to suggest widespread
6  acceptability, while downplaying the known adverse and serious health effects and
7  concealing material relevant information regarding the safety of Fosamax™.

8      105.   These practices constitute unlawful, unfair and fraudulent business acts or
9  practices, within the meaning of California Business & Professions Code Section 17200, as
10 well as unfair, deceptive, untrue and misleading advertising as prohibited by California
11 Business & Professions Code Section 17500, as set forth herein.

12     106.   The unlawful, unfair and fraudulent business practices of Defendants described
13 above present a continuing threat to members of the public in that Defendants continue to
14 engage in the conduct described therein.

15     107.   As a result of their conduct described above, Defendants have been unjustly
16 enriched. Specifically, Defendants have been unjustly enriched by receipt of hundreds of
17 millions of dollars in ill-gotten gains from the sale and prescription of Fosamax™ in
18 California, and other states, sold in large part as a result of the acts and omissions described
19 herein.

20     108.   Because of the fraudulent misrepresentations made by Defendants as detailed
21 above, and the inherently unfair practice of committing a fraud against the Plaintiff and
22 public by intentionally misrepresenting and concealing material information, the acts of
23 Defendant described herein constitute unfair or fraudulent business practices.

24     109.  . Plaintiff, pursuant to California Business & Professions Code Section 17203,
25 seek an order of this court compelling the Defendant to provide restitution, and to disgorge
26 the monies collected and profits realized by Defendants, and each of them, as a result of their

1  unfair business practices.

2      110.  Defendants' acts were willful, wanton, reckless and fraudulent; hence, Plaintiff

3  are entitled to exemplary damages, inter alia.

4      **WHEREFORE,** Plaintiff demands judgment against Defendants and seek

5  compensatory damages, disgorgement, restitution, and exemplary and punitive damages together

6  with interest, the costs of suit, attorneys' fees and such other and future relief as the Court deems just

7  and proper.

8                    **NINTH CAUSE OF ACTION**
                **(Violation of Business & Profession Code Section 17500)**
9

10     111.  Plaintiff restate the allegations set forth above as it fully rewritten herein.

11     112.  Plaintiff are informed and believe and thereon allege that Defendants, by the

12  acts and misconduct alleged herein, violated Business & Professions Code Section 17500.

13     113.  Plaintiff hereby seek restitution, as well as and punitive damages against

14  Defendants for their violations of section 17500.

15     114.  California Business & Professions Code section 17500 provides that it is

16  unlawful for any person, firm, corporation or association to dispose of property or perform

17  services, or to induce the public to enter into any obligation relating thereto, through the use

18  of untrue or misleading statements.

19     115.  At all times herein mentioned, Defendants have committed the acts of

20  disseminating untrue and misleading statements as defined by Business & Professions Code

21  Section 17500 by engaging in the following acts and practices with intent to induce members

22  of the public to purchase and use Fosamax™:

23         a.      Representing to Plaintiff, Plaintiff' physicians and the general public

24  that Fosamax™ was safe, fit and effective for human consumption, knowing that said

25  representations were false, and concealing from the Plaintiff, Plaintiff' physicians and the

26  general public that Fosamax™ have a serious propensity to cause injuries to users;

1      b.     Engaging in advertising programs designed to create the image,
2  impression and belief by consumers, physicians and others that the use of Fosamax™ was
3  safe for human use, had fewer side effects and adverse reactions than other methods for
4  treating mental illness, constituted a convenient, safe form for treating mental illness and
5  would not interfere with daily life, even though the Defendants knew these to be false, and
6  even though the Defendants had no reasonable grounds to believe them to be true;

7      c.     Purposely downplaying and understating the health hazards and risks
8  associated with Fosamax™; and

9      d.     Issuing promotional literature deceiving potential users of Fosamax™
10  by relaying positive information and manipulating statistics to suggest widespread
11  acceptability, while downplaying the known adverse and serious health effects and
12  concealing material relevant information regarding the safety of Fosamax™.

13      116.   The foregoing practices constitute false and misleading advertising within the
14  meaning of California Business & Professions Code Section 17500.

15      117.   As a result of its false and misleading statements described above, Defendants
16  have been and will be unjustly enriched.  Specifically, Defendants have been unjustly
17  enriched by receipt of hundreds of millions of dollars from the sale and prescription of
18  Fosamax™ in California and other states, sold in large part as a result of the false or
19  misleading statements described herein.

20      118.   Pursuant to California Business & Professions Code Section 17535, Plaintiff
21  seek an order of this court compelling the Defendants to provide restitution, and to disgorge
22  the monies collected and profits realized by Defendants, and each of them, as a result of their
23  unfair business practices, and injunctive relief calling for Defendants to cease such unfair
24  business practices in the future.

25      WHEREFORE, Plaintiff demands judgment against Defendants and seek
26  compensatory damages, disgorgement, restitution, and exemplary and punitive damages together

21

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1 │ with interest, the costs of suit, attorneys' fees and such other and future relief as the Court deems just
2 │ and proper.
3 │ / / /
4 │ / / /

5 │ ## TENTH CAUSE OF ACTION
6 │ ## (Loss of Consortium)

7 │ 119. Plaintiff restate the allegations set forth above as if fully rewritten herein.

8 │ 120. Plaintiff Ruth P. Morris and Buddy W. Penn bring this cause of action.

9 │ 121. By reason of the injuries sustained by Plaintiff Anne e. Clayton, Plaintiff Ruth A. Morris has been and will continue to be deprived of consortium, society, comfort, protection, and service, thereby causing and continuing to cause said Plaintiff grief, sorrow, mental anguish, emotional distress and pain and suffering.

10 │ 122. By reason of the injuries sustained by Plaintiff Judy C. Penn, Plaintiff Buddy W. Penn has been and will continue to be deprived of consortium, society, comfort, protection, and service, thereby causing and continuing to cause said Plaintiff grief, sorrow, mental anguish, emotional distress and pain and suffering.

11 │ **WHEREFORE,** Plaintiff demands judgment against Defendants and seek compensatory damages, and exemplary and punitive damages together with interest, the costs of suit, attorneys' fees and such other and future relief as the Court deems just and proper.

12 │ ## ELEVENTH CAUSE OF ACTION
13 │ ## (Punitive Damages)

14 │ 123. Plaintiff restate the allegations set forth above as if fully rewritten herein.

15 │ 124. Defendants have repeatedly engaged in a pattern of conduct of deliberately avoiding FDA recommendations as to public hazards which should be warned about.

16 │ 125. For instance, in March, 2000, Merck completed a study called VIGOR (Vioxx Gastrointestinal Outcomes Research) relating to its prescription Cox-2 inhibitor, Vioxx. The VIGOR study showed that Vioxx patients had more than double the rate of serious

22
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 cardiovascular problems than those on Naproxen, an older non-steroidal anti-inflammatory
2 drug. The study was published in the New England Journal of Medicine.

3      126.  In September, 2001, the FDA warned Merck to stop misleading doctors about
4 Vioxx's effect on the cardiovascular system. Merck was admonished to stop minimizing the
5 risks of the drug in its marketing. Despite that, Merck refused to adequately warn physicians
6 and patients about the risk of heart attacks and Vioxx.

7      127.  On August 25, 2004, a representative from the FDA presented results of a
8 database analysis of 1.4 million patients. The analysis demonstrated that Vioxx users were
9 more likely to suffer a heart attack or sudden cardiac death than those taking Celebrex or
10 older non-steroidal drugs. The FDA representative concluded that Vioxx was linked to more
11 than 27,000 heart attacks or sudden cardiac deaths nationwide from the time in came on the
12 market in 1999 through 2003.

13      128.  On August 26, 2004, Merck released a press statement which refuted the FDA
14 analysis and restated Merck's support for the cardiovascular safety of Vioxx.

15      129.  On September 30, 2004, Merck recalled Vioxx from the market, after having
16 to halt the APPROVe (Adenomatous Polyp Prevention On Vioxx) study. The study was
17 underway to evaluate the use of Vioxx for recurrent colon polyps. The researchers found an
18 alarming number of cardiovascular events among the drug's users in the APPROVe study.

19      130.  At that same time, Defendants were aware that the FDA, as of August 24,
20 2004, was advising Merck to warn about the risk of osteonecrosis of the jaw for its
21 Fosamax™ patients. Because Merck knew that its blockbuster drug Vioxx was about to be
22 pulled from the market, placing more importance on the more than $3 billion annual sales
23 of Fosamax™, Merck deliberately chose not to amend its packaging of Fosamax™ to include
24 the risk of osteonecrosis of the jaw, fearing that such a warning would result in reduced
25 revenues for its second largest income producer, Fosamax™.

26      131.  Merck's acts were willful and malicious in that Merck's conduct was carried

1 on with a conscious disregard for the safety and rights of Plaintiff and all others taking

2 Fosamax™. Merck's unconscionable conduct thereby warrants an assessment of exemplary

3 and punitive damages against Merck in an amount appropriate to punish Merck and deter

4 similar conduct in the future.

5       **WHEREFORE**, Plaintiff demands judgment against Defendants and seek

6 compensatory damages, and exemplary and punitive damages together with interest, the costs of suit,

7 attorneys' fees and such other and future relief as the Court deems just and proper.

8 **PRAYER FOR RELIEF**

9     **WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and/or

10 severally, as follows:

11     a.    For general damages in an amount to be proven at the time of trial;

12     b.    For special damages in an amount to be proven at time of trial;

13     c.    For exemplary and punitive damages in an amount to be proven at the time of

14 trial, and sufficient to punish Defendant or to deter Defendant and others from repeating the

15 injurious conduct alleged herein;

16     d.    For prejudgment and post-judgment interest on the above general and special

17 damages;

18     e.    For disgorgement;

19     f.    For restitution;

20     g.    For costs and attorneys' fees; and

21     h.    All other relief that Plaintiff may be entitled to at equity or at law, including

22 but not limited to the funding of a medical monitoring program and compelling Defendants

23 to adequately warn about the risk of osteonecrosis of the jaw with use of Fosamax™.

24 **DEMAND FOR JURY TRIAL**

25     Plaintiff demands a trial by jury on all claims so triable in this action.

26 / / /

24

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

SEP-27-06   09:56AM   FROM-E.S.Q. Services              618-286-0140        T-276  P.034/042  F-403

1 / / /

2 / / /

3 / / /

4 / / /

5          Dated: August 15, 2006                    Respectfully submitted,

6                                                    PHILLIPS & ASSOCIATES

7

8                                            By _____

9                                                Robert F. Clarke, Esq.
                                                 3030 North Third Street, Suite 1100
10                                               Phoenix, Arizona 85012
                                                 Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL