IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY ANDERSON,

    Plaintiff,

v.

                                  Case No.:  8:07-cv-00965-JDW-EAJ

BRITE DENTAL CORPORATION d/b/a
CREATIVE DENTAL CARE, a Florida
Corporation; MOUHANNAD BUDEIR,
D.D.S.; FARDIN ZARE, D.D.S.;
THEODORE KIELTS, D.D.S.; and
MERCK & CO., INC.;

    Defendants.
_____/

## RESPONSE TO DEFENDANT MERCK'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT LITIGATION AND MEMORADUM OF LAW

COMES NOW the Plaintiff, NANCY ANDERSON, by and through her undersigned legal counsel and hereby files her Response to Defendant MERCK'S Motion to Stay Proceedings Pending Transfer To Multidistrict Litigation.  The Plaintiff opposes this Motion and would state the following:

1.    The Plaintiff filed this action in Circuit Court for the Sixth Judicial Circuit, State of Florida, in and for Pasco County in May 2007.  The action was *Anderson v. Brite Dental Corporation*, et al., Case No. 51-07-CA-2086.  The suit involved a medical negligence claim against 3 dentists and their employer, as well as a product liability claim against MERCK.

2.    MERCK removed the action to Federal Court pursuant to 28 U.S.C.

§ 1441(b) alleging that all of the parties in the medical negligence claims were fraudulently joined. The basis of MERCK'S allegations were that the Plaintiff had no reasonable likelihood of prevailing against the Dental Defendants, the allegations against the Dental Defendants conflict with the claims against MERCK, and the claims against the Dental Defendants are not based upon the same transaction or occurrence as the Plaintiff's claims against MERCK. Plaintiff thoroughly responded to these allegations in her Motion to Remand. However, briefly, Plaintiff cited to Florida's medical negligence pre-suit procedure, including the requirement to file an affidavit from a medical professional in the same field as evidence of the validity of the case against the Dental Defendants; the claims against MERCK and the Dental Defendants were not in conflict as the allegations against the Dental Defendants were not based upon their prescription of MERCK'S product; and while MERCK made no argument in its Notice of Remand that the claims were not part of the same transaction or occurrence, it appears now they are claiming that because the drug in question was prescribed for the first time ten years before the claim that the two cannot be related. The drug was still being prescribed at the time of incident of medical negligence. Plaintiff's Complaint details the interaction of the drug in question and how it is impossible to separate the facts of the two, especially in light of Florida law, more specifically the *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993) decision. All of MERCK'S arguments fail.

      3.      MERCK has continued to try and cram this case into the framework of the MDL to save MERCK time and money at the expense of Ms. Anderson, the Plaintiff. MERCK notified the MDL panel pursuant to the "tag-along" procedure and had a Conditional Transfer Order entered transferring this case to the Southern District of New

York. Pursuant to the MDL procedures, Plaintiff filed her Notice of Opposition to the transfer, which is attached as Exhibit A to this Response. Plaintiff has 15 days to brief the issue to the MDL. Plaintiff, having already extensively briefed this issue to this Honorable Court, would like this Court to issue an Order granting its Motion to Remand the case back to State Court and award Plaintiff fees and costs for all of the problems created by MERCK in its attempt to wrongly accuse Plaintiff of fraudulent joinder in this action. Plaintiff's brief to the MDL would be the same as has already been provided to this Court three weeks ago.

4. This Court has every right to consider the Motion to Remand and to Remand this case back to State Court. This Order would effectively relieve the MDL of any further decision-making regarding this matter and save the Plaintiff the additional burden of briefing the issue at two separate levels. The Motion for Remand is ripe for this Court to consider. Plaintiff filed her Motion on June 15, 2007 and MERCK filed its Response on June 25, 2007. Plaintiff would gladly have a hearing on the matter if the Court deems it necessary. To simultaneously fight the same issues at two different Federal Courts is a waste of judicial economy and resources. The Middle District is the appropriate Court to consider the Motion for Remand. Plaintiff should not have to go to the Southern District of New York to argue a case that was properly filed in Circuit Court in Florida and improperly removed to Federal Court, and now, possibly transferred to New York before ever having the validity of the removal considered in the first place. Florida Law plays an important part in the decision and it is best decided in Florida.

5. The Plaintiff is an elderly Florida resident in poor health, in part, as a result of the actions of this Defendant. Time is of the essence in this case.

6.  The letter received from the Judicial Panel on Multidistrict Litigation specifically requests that the Panel be notified by fax of any change in the status of a tag-along action. The letter stated, "These changes could involve dismissal of the action, **remand to state court**, transfer to another federal court, etc., as indicated by an order filed by the district court."[1] The Panel anticipates and actually requires notice to be given of actions taken by District Courts. This procedure obviously contemplates District Courts deciding Remands prior to the tag-along case being joined into the MDL.

7.  The Conditional Transfer Order to the MDL is procedural in nature and not a determination of the appropriateness of the transfer. Like the Removal action, the Defendant only had to file the paperwork. Plaintiff then must move for Remand. MERCK appears to be arguing that this Court should stay the proceeding because of the "procedural" Conditional Transfer Order. That is not grounds for this Court to refuse to consider the Motion for Remand. This Court is in the best position to determine the Remand as it involves, to some extent, Florida law. Additionally, the issue has been fully briefed and has been pending in front of this Court since June 25, 2007.

8.  MERCK is confusing two issues in its Motion for Stay. MERCK is asking that everything at the District Court in the Middle District be stayed. However, MERCK argues the reason the case should be stayed is to save judicial resources and prevent the Defendant from having to respond to discovery requests. The Plaintiff has no objection to stay discovery proceedings. However, the best and most economical way for this dispute to be resolved is for this District Court to rule on Plaintiff's Motion for Remand. This would effectively prevent the morass of filings in different Courts. This is

---

[1] June 18, 2007 letter from Judicial Panel on Multidistrict Litigation attached as Exhibit B to this Response. Emphasis added.

not a difficult remand decision, the Plaintiff and Plaintiff's counsel are in the Middle District, the Defendant is in the North District of Florida. The heart of the Remand issue involves Florida's Medical Negligence Statute, Section 766.106, Florida Statutes and a Florida Decision in *Fabre*, Id. The standards for "fraudulent joinder" have been well briefed and everything is before the Court. Should the Court feel a hearing is necessary it would be much easier in the Middle District than the Southern District of New York. The Plaintiff is an elderly Florida resident who properly filed her case in State Court in Pasco County, Florida. The Defendant has removed it and is now trying to prevent an obvious issue from getting to a speedy decision so the Plaintiff can continue her case as filed. It has been tremendously burdensome for Plaintiff to respond to all of the actions taken by the Defendant. Plaintiff maintains that MERCK had no basis for the fraudulent joinder allegations.

## Conclusion

The Court should deny Defendant's Motion to Stay as filed. This Court should rule on Plaintiff's Motion for Remand. Plaintiff would agree to a Stay of discovery until this Court rules on the Remand Motion. Plaintiff would request an immediate hearing on the Motion for Remand.

Respectfully submitted,

s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE
WARDELL & QUEZON, P.A.
805 W. Azeele Street
Tampa, Florida 33606
Telephone: (813) 387-3333
Facsimile: (813) 387-3050
Florida Bar No.: 0868061
jwardell@jawlaw.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2007, a true and correct copy of the foregoing document and the notice of electronic filing will be sent by U.S. Mail to the following non-CM/ECF participant:

Juan Carlos Garcia
Walton Lantaff Schroeder & Carson, LLP
Airport Executive Center
2203 North Lois Avenue, Suite 750
Tampa, FL  33607

and the same has been electronically mailed to the following on July 6, 2007:

Thomas Larry Hill     lhill@mhw-law.com, ljohnson@mhw-law.com

Thomas Saieva     zebra17@tampabay.rr.com, lsimerl@tampabay.rr.com

                                                s/ James A. Wardell
                                                JAMES A. WARDELL, ESQUIRE