UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY ANDERSON,

        Plaintiff,

vs.                                    Case No. 8:07-CV-965-T-27EAJ

**BRITE DENTAL CORPORATION d/b/a
CREATIVE DENTAL CARE,** *et al.*,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Merck & Co., Inc.'s Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (Dkt. 6).[1] Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant Merck & Co., Inc.'s Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (Dkt. 6) is **GRANTED** and this case is **STAYED** pending a decision by the Multidistrict Litigation Court on whether this action should be transferred. "[T]he [Judicial Panel on Multidistrict Litigation "JPML"] has the power to transfer cases with motions to remand pending and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist." *Falgoust v. Microsoft Corporation*, 2000 WL 462919, *2 (E.D. La. 2000); *see also, In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, (citations omitted) that objection to be resolved by transferee court"); *Medical Society of the State of New York v. Connecticut General Corp.*, 187 F. Supp. 2d 89, 91 (S.D. N.Y. 2001) ("it is equally within this Court's power to decline to decide a motion which challenges this Court's subject matter jurisdiction while awaiting the MDL Panel's decision on transfer"); *In re Asbestos Products Liability*

---

[1] Merck represents that the other defendants consent to the stay, but Plaintiff objects to it. (Dkt. 6, p. 8). Plaintiff did not file a response to Defendant's motion to stay.

*Litigation*, 170 F. Supp. 2d 1348, 1349 n.1 (Jud.Pn.Mult.Lit. 2001) (holding district court judge has the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on the motion before a transfer order has been issued).

Consistency and economy would be served by resolution of the removal issues by a single court after transfer by the JPML because other Fosamax cases may involve the same issues. *See Moore v. Wyeth-Ayerst Laboratories*, 2002 WL 31558416 (D. Md. 2002) (deferring consideration of motion to remand and staying pretrial proceedings pending transfer to *In re Diet Drugs* because the "transferee court has experience deciding motions to remand in this case involving pharmacies, and has intimate familiarity with the issues involving products liability claims arising from the use of Pondimin"); *see also, Falgoust*, 2000 WL 462919 at *1 (staying action pending JPML transfer despite motion to remand because the case "present[ed] questions of fact similar to the other actions pending before the JPML" and because "the same jurisdictional question raised" had been raised before and in the future would likely be raised in other cases pending against the defendant in other districts).

In the event that the JPML determines that transfer of this case is not warranted, Plaintiff may renew her motion to remand with this Court. The interests of judicial economy are best served by staying this action until the JPML makes a transfer determination. The Clerk is directed to administratively close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this 6th day of July, 2007.

*/s/ Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record