IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY ANDERSON,

    Plaintiff,

v.                                    Case No.: 8:07-cv-00965-JDW-EAJ

BRITE DENTAL CORPORATION d/b/a
CREATIVE DENTAL CARE, a Florida
Corporation; MOUHANNAD BUDEIR,
D.D.S.; FARDIN ZARE, D.D.S.;
THEODORE KIELTS, D.D.S.; and
MERCK & CO., INC.;

    Defendants.
_____/

**MOTION FOR RECONSIDERATION AND MOTION
FOR CONSIDERATION OF UNTIMELY RESPONSE
AND MEMORANDUM OF LAW**

COMES NOW the Plaintiff, NANCY ANDERSON, by and through her undersigned legal counsel, and hereby moves this Honorable Court to Reconsider its Order issued on July 6, 2007 on Defendant MERCK'S Motion to Stay Proceedings. In support of this Motion the Plaintiff would state as follows:

1.     The Court issued an Order dated July 6, 2007, which was received electronically by the Plaintiff on July 9, 2007. The Order granted a Motion to Stay the proceedings in the above captioned case pending a determination of transfer to the Judicial Panel on Multidistrict Litigation (hereinafter "JPML").

2.     The Court did not consider a late Response that was filed by the Plaintiff on July 6, 2007, apparently the same day the Order was signed but not sent out. Plaintiff was not aware the Order was being filed at the time she filed her Response objecting to

the Stay. The Court noted in its Order that the Plaintiff filed no Response, indicating that the Court was not aware of the Response at the time it entered the Order.

3. The Plaintiff is requesting the Court consider the untimely Response and Reconsider its Order Staying the Proceedings.[1] Plaintiff did not have an objection to staying the discovery aspects of the case while this Court considered the Motion to Remand. Plaintiff has attached a copy of her Motion to Remand to this Motion as Exhibit A.

4. The Court seems to indicate in its Order that, while it has discretion to consider the Motion for Remand, it also has discretion to stay the proceedings and allow the JPML to determine the Remand. The Court reasons that the interests of judicial economy are best served by staying this proceeding until the JPML makes a transfer determination. However, in this case, as pointed out in Plaintiff's Response, which the Court did not consider because it was filed late, and Plaintiff's Motion to Remand, judicial economy is best served by **this** Court Ruling on the Remand Motion and staying discovery proceedings until such a ruling.

5. The Court cites to several cases to support its position in its Order. However, the facts of this case make the cases relied upon by the Court actually support Plaintiff's position. The Court presumes that the issue raised in this case has been addressed by the JPML previously. That is not the case. There have been no similar cases cited by the Defendant to support this presumption. The cases that are typically seen in product liability cases involving pharmaceutical drugs are where the drug

---

[1] Plaintiff's counsel has been out of town for multiple extended periods of time due to family health issues involving his mother in south Florida. The Motion for Remand to State Court as well as the objection to the Conditional Transfer Order to the JPML were timely filed. Plaintiff's Motion for Remand preceded the filing of the Defendant's Motion to Stay.

manufacturer is being sued for a defective product and the physician that prescribed the drug is also being sued for failure to warn the patient.  However, this is not such a case.  The physicians that are Defendants in this case are not the physicians that prescribed the medication.  The physicians in this case committed acts of medical negligence in the State of Florida that are inextricably intertwined with MERCK'S defective product.  MERCK will use the physicians' negligence as a defense and the physicians have already cited MERCK'S defective product as a defense to the medical negligence claims.

6.     The Plaintiff appropriately filed this claim in State Court in the 6th Judicial Circuit based upon the medical defendants and the Plaintiff being Florida residents and the acts and transactions taking place in Florida.  The Defendant improperly removed it to Federal Court alleging fraudulent joinder.  As the Plaintiff points out extensively in her Motion for Remand, there was no basis for the fraudulent joinder allegations and this is an attempt by MERCK to cram this case into the Multi-District case where MERCK slows the progress of the cases, inconveniences the Plaintiffs, and blames the medical providers, who would no longer be part of the same action.

7.     Judicial economy is not served by deferring this decision to the JPML.  The issues involve the State of Florida substantive law, particularly Florida's Medical Negligence Statute.  All parties, lawyers, and the majority of witnesses are in Florida, with the exception of MERCK, whose counsel is in Florida.  This is a unique case and there is no evidence the JPML has decided these issues before.  The JPML is predisposed to include cases into the MDL because that is what it is designed to do.  The issues in the Motion to Remand are better, and more timely, heard by this Court.  The issues were completely briefed and are ripe for decision.  Staying this case and allowing the JPML to

make this decision requires the Plaintiff and the Defendant to re-brief the issues that have already been briefed. If a hearing or oral argument are desired by the Court, the Plaintiff and all counsel will have to travel to the Southern District of New York to argue a case that was filed in State Court in Pasco County. Plaintiff has moved to tax all of the costs against MERCK for the improper removal. Such a process is greatly increasing the cost, increasing the work, and wasting judicial resources.

        8.        The Plaintiff is requesting the Court put an end to this and reconsider its ruling on the Motion to Stay and decide the Motion to Remand. That is the fastest and simplest solution. MERCK'S actions are for a reason and consistent with its history of delaying and complicating these actions. The Plaintiff is an elderly Pasco County woman in poor health. She needs this case to proceed as quickly as possible. It is her intention to take advantage of F.S. § 415.1115 and advance her case on the docket due to her age and fragile health. The remand decision is not a difficult one. MERCK has not properly alleged fraudulent joinder. The medical negligence claims went through Florida's rigorous pre-suit screening process which includes the requirement of a medical professional signing an affidavit that medical negligence occurred and reciting specifically the nature of the negligence. It further required the medical defendants to respond with an affidavit of a medical professional that also reviewed the entire case. In this case the medical defendants' physician asserts that the damages were caused by MERCK'S product. The Plaintiff could be easily stuck in separate courts fighting cases where both sets of Defendants could blame the other without the jury being able to apportion fault to the party not present. Or, the medical defendants would have to be hauled into the MDL and be subject to the rules and delays of the action in the Southern

District of New York. Neither option would be fair to the Plaintiff. One option would not be fair to the Plaintiff or the medical Defendants. This case is proper in the 6th Judicial Circuit of the State of Florida where it was filed. This Court determining the Remand is the fastest, most efficient option and conserves the most judicial resources. The Plaintiff would agree to stay all other proceeding until the Court renders a decision on the Motion for Remand.

**WHEREFORE**, the Plaintiff respectfully requests that the Court reconsider its Order on Defendant's Motion to Stay that was issued on July 6, 2007 and to consider Plaintiff's untimely Response to the Motion to Stay and Plaintiff's Motion to Remand.

Respectfully submitted,

s/ James A. Wardell
JAMES A. WARDELL, ESQUIRE
WARDELL & QUEZON, P.A.
805 W. Azeele Street
Tampa, Florida 33606
Telephone: (813) 387-3333
Facsimile: (813) 387-3050
Florida Bar No.: 0868061
jwardell@jawlaw.net
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2007, a true and correct copy of the foregoing document and the notice of electronic filing will be sent by U.S. Mail to the following non-CM/ECF participant:

Juan Carlos Garcia
Walton Lantaff Schroeder & Carson, LLP
Airport Executive Center
2203 North Lois Avenue, Suite 750
Tampa, FL 33607

and the same has been electronically mailed to the following on July 10, 2007:

Thomas Larry Hill    lhill@mhw-law.com, ljohnson@mhw-law.com

Thomas Saieva    zebra17@tampabay.rr.com, lsimerl@tampabay.rr.com

                                              s/ James A. Wardell
                                              JAMES A. WARDELL, ESQUIRE