A CERTIFIED TRUE COPY

OCT 16 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case 8:07-cv-00965-DTKEAJ Document 2-3 614 Filed 11/06/2007 Page 1 of 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

07 CIV 9485

OCT 16 2007

FILED
CLERK'S OFFICE

8:07CV965-T-27EAJ

ILD
SDNY
10/24/07

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION          MDL No. 1789

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in six Central District of California actions and one Middle District of Florida action listed on Schedule A brought these motions pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Southern District of New York for inclusion in MDL No. 1789. Defendant Merck & Co., Inc., opposes the motion to vacate.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of these actions to the Southern District of New York for inclusion in MDL No. 1789 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations that ingestion of the prescription drug Fosamax caused adverse effects, in particular, osteonecrosis of the jaw. *See In re Fosamax Products Liability Litigation*, 444 F.Supp.2d 1347 (J.P.M.L. 2006).

Plaintiffs can present any motions for remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John F. Keenan for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.[1]

---

[*] Judges Heyburn, Motz and Hansen took no part in the decision of this matter.

[1] The request for fees and expenses by plaintiff in the Middle District of Florida action is denied.

J. MICHAEL McMAHON, CLERK

BY [signature] DEPUTY CLERK

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

D. Lowell Jensen
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman* | J. Frederick Motz* |
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen* | Anthony J. Scirica |

**IN RE: FOSAMAX PRODUCTS LIABILITY
LITIGATION**                                                                    MDL No. 1789

### SCHEDULE A

#### Central District of California

Jeri Demsky, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-2839
Illene Bujdoso, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-3490
Francis Finch, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-3492
Bennie Horton, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-3493
Frank Martin, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-3495
Cecilia Smith, et al. v. Merck & Co., Inc., et al., C.A. No. 2:07-3497

#### Middle District of Florida

Nancy Anderson v. Brite Dental Corp., et al., C.A. No. 8:07-965