UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

MASTER FILE

1:06-MD-1789 (JFK)

*This Document Relates to*:

*Anderson, Nancy* 1:07-cv-09485 (JFK)

### ANSWER AND AFFIRMATIVE DEFENSES OF MOUHANNAD BUDEIR, D.D.S.

COMES NOW the Defendant, MOUHANNAD BUDEIR, D.D.S. (hereinafter "Dr. Budeir"), by and through his undersigned attorneys, and hereby files this, his Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.    Admitted for subject matter jurisdictional purposes only.

### PARTIES

2.    Without knowledge; therefore, denied.

3.    Without knowledge; therefore, denied.

4.    Admitted that Dr. Budeir was a dentist licensed to practice in the State of Florida

and was an employee of Creative Dental Care; otherwise denied.

5.    Without knowledge; therefore, denied.

6.    Without knowledge; therefore, denied.

7.    Without knowledge; therefore, denied.

8.    Without knowledge; therefore, denied.

9.    Without knowledge; therefore, denied.

10.    Without knowledge; therefore, denied.

11.    Without knowledge; therefore, denied.

12.    Admitted.

## SUMMARY OF THE CASE

13.    Admitted that Plaintiff was a patient of Creative Dental Care; otherwise denied.

14.    Without knowledge; therefore, denied.  Dr. Budeir did not treat Plaintiff on October 15, 2004.

15.    Without knowledge; therefore, denied.  Dr. Budeir did not treat Plaintiff on October 15, 2004.

16.    Without knowledge; therefore, denied.  Dr. Budeir did not treat Plaintiff on October 15, 2004.

17.    Admitted.

18.    Without knowledge; therefore, denied.

19.    Admitted that Dr. Budeir examined Plaintiff on November 9, 2004.  Denied as to pain "in the area of the extraction"; pain was, more specifically, from the lower partial in the area of the extraction.  Denied as to the recommendation for fixing the bridge from tooth 20 to 30; rather, Dr. Budeir placed a fixed bridge on teeth 20-30.

20.    Denied.

21.    Without knowledge; therefore, denied.

22.    Admitted that Dr. Zare prescribed the antibiotic described; otherwise, denied.

23.    Admitted.

24.    Admitted that Dr. Budeir examined the patient, adjusted the lower partial, prescribed Erythromycin, and recommended the patient see a medical doctor in a week if the area was still sore; otherwise, denied.

2

25.     Admitted that Plaintiff was seen on January 5, 2005 by Dr. Budeir and that he referred her for a second opinion with Dr. Kielts; otherwise, denied.

26.     Without knowledge; therefore, denied.

27.     Without knowledge that Plaintiff "still had a knot in her jaw" and, therefore, denied; however, admitted that Plaintiff expressed subjective complaints about a "knot" in her jaw at the reference time. Admitted Plaintiff was still on antibiotics at the referenced time and that Dr. Budeir recommended she finish the antibiotics and return in one week.

28.     Admitted that Plaintiff was examined on January 19 and February 2, 2005 by Dr. Budeir. Plaintiff complained of severe swelling and pain in her jaw. After the February 2, 2005 visit, Dr. Budeir determined that the Plaintiff had a possible infection in the area of teeth #21, #22, and #27; with pus oozing from both teeth #21 and #22. Plaintiff was referred to an infectious disease specialist.    Dr. Budeir wrote another prescription for 21 tablets of Clindamycin. Denied as to any definitive diagnosis of infection as of January 19, 2005 and as to any definitive diagnosis of infection in area #29 as of February 2, 2005.

29.     Without knowledge; therefore, denied.

30.     Without knowledge; therefore, denied.

31.     Without knowledge; therefore, denied.

32.     Without knowledge; therefore, denied.

33.     Without knowledge; therefore, denied.

## FOSAMAX FACTS

34.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

3

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

35. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

36. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

37. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

38. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

39. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

40.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

41.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

42.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

43.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

44.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

45.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

46.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

47.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

48    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

49.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

50.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

51.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

52.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

53.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

54.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

55.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

56.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

57.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

58.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

59.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

60.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

61.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

62.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

63.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

## MEDICAL NEGLIGENCE FACTS

64.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required. Dr. Budeir further denies that this paragraph and its subparts set forth the proper standard of care under Florida law.

65.     Admitted that Dr. Budeir had a duty to practice in accordance with the applicable standard of care under Florida law. Denied that Dr. Budeir performed the initial dental work or that this paragraph properly defines the applicable standard of care under Florida law.

66.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required. Dr. Budeir further denies that this paragraph and its subparts set forth the proper standard of care under Florida law.

9

67.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required. Dr. Budeir further denies that this paragraph and its subparts set forth the proper standard of care under Florida law.

68.     Denied.

69.     Admitted.

70.     Without knowledge; therefore, denied.

### COUNT I: CLAIM AGAINST BRITE DENTAL CORPORATION d/b/a CREATIVE DENTAL CARE

71.     Dr. Budeir restates his responses to paragraph 1-70 as though fully set forth herein.

72.     The allegations in this paragraph do not appear to pertain with Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

73.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

## COUNT II: CLAIM AGAINST MOUHANNAD BUDEIR, D.D.S.

74.    Dr. Budeir realleges his responses to paragraphs 1-73 as though fully set forth herein.

75.    Denied.

    (a) Denied.

    (b) Denied.

    (c) Denied.

## COUNT III: CLAIM AGAINST FARDIN ZARE, D.D.S.

76.    Dr. Budeir realleges his responses to paragraphs 1-75 as though fully set forth herein.

77.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required.  To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

## COUNT IV: CLAIM AGAINST THEODORE KIELTS, D.D.S.

78.    Dr. Budeir realleges his responses to paragraphs 1-77 as though fully set forth herein.

79.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required.  To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

11

## CLAIMS AGAINST DEFENDANT MERCK & CO. INC.

80.    Dr. Budeir realleges his responses to paragraphs 1-79 as though fully set forth herein.

81.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

82.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

83.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

84.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

85.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

## COUNT V: NEGLIGENCE (AGAINST MERCK)

86.     Dr. Budeir realleges his responses to paragraphs 1-85 as though fully set forth herein.

87.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

88.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

89.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

## STRICT LIABILITY (AGAINST MERCK)

90.     Dr. Budeir realleges his responses to paragraphs 1-89 as though fully set forth herein.

91.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

92.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

93.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

94.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

95.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

96.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

97.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

14

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

98.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

99.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

100.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

### COUNT VII: BREACH OF EXPRESS WARRANTY (AGAINST MERCK)

101.     Dr. Budeir realleges his responses to paragraphs 1-100 as though fully set forth herein.

102.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

103.     The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

15

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

104.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

105.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

106.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

### COUNT VIII: BREACH OF IMPLIED WARRANTY (AGAINST MERCK)

107.    Dr. Budeir realleges his responses to paragraphs 1-106 as though fully set forth herein.

108.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

109.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred

16

from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

110.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

111.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

112.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

113.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

114.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

115. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

### COUNT IX: FRAUDULENT MISREPRESENTATION (AGAINST MERCK)

116. Dr. Budeir realleges his responses to paragraphs 1-115 as though fully set forth herein.

117. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

118. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

119. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

120. The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

121.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

122.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

123.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

### COUNT X: FRAUDULENT CONCEALMENT (AGAINST MERCK)

124.    Dr. Budeir realleges his responses to paragraphs 1-123 as though fully set forth herein.

125.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

126.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

127.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

128.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

129.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

130.    The allegations in this paragraph do not appear to pertain to Dr. Budeir; therefore, no response is required. To the extent that liability of Dr. Budeir may be implied or inferred from the allegations as set forth in this paragraph, the allegations are specifically denied and strict proof is required.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action against Dr. Budeir upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's damages, if any, were the result of pre-existing medical or congenital problems or conditions unrelated to the care and treatment she received from Dr. Budeir.

### Third Affirmative Defense

Plaintiff's damages, if any, were the direct result of Plaintiff's own negligence and/or carelessness, so as to be the sole and/or contributing cause of Plaintiff's damages, and her recovery should be barred or reduced accordingly.

### Fourth Affirmative Defense

Plaintiff's alleged injuries were the result of her own informed decisions regarding her medical and/or dental care, so as to be the sole and/or contributing cause of any alleged damages, and Plaintiff's recovery should be barred or reduced accordingly.

### Fifth Affirmative Defense

Plaintiff's damages, if any, were the result of the deterioration that is naturally a part of aging and/or disease processes and unrelated to care and treatment received from Dr. Budeir.

### Sixth Affirmative Defense

Dr. Budeir, without admitting any liability whatsoever, alleges that, in the event Plaintiff should prevail on her claim against him, he is entitled to a setoff for any sums paid by any other party or any alleged tortfeasor, whether named or unnamed in Plaintiff's Complaint, regardless of whether such named or unnamed tortfeasor resolves such claims, as payment or settlement of claims arising from the alleged injuries, damages, or events that are the subject of this lawsuit.

### Seventh Affirmative Defense

Pursuant to § 789.76, Fla. Stat., and without admitting any liability whatsoever, to the extent Plaintiff has recovered benefits from collateral sources, Dr. Budeir is entitled to a setoff should any judgment be recovered against Dr. Budeir.

### Eighth Affirmative Defense

In the event of a judgment for Plaintiff, Dr. Budeir is entitled to have the judgment made payable in accordance with the alternative methods of payment for damages available pursuant to the provisions of § 768.78, Fla. Stat.

### Ninth Affirmative Defense

Plaintiff's damages, if any, are alleged to have been proximately caused by the comparative fault of other joint tortfeasors; therefore, any award of damages obtained by the Plaintiff must be apportioned pursuant to § 768.81, Fla. Stat. Further, Dr. Budeir is entitled to have fault apportioned to *all* responsible persons or entities, including nonparties, if any, as provided by the announced rule in *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate alleged damages.

### Eleventh Affirmative Defense

Plaintiff's damages, if any, were directly and proximately caused by the negligence or fault of some third person or persons other than Dr. Budeir, whether named or unnamed in Plaintiff's Complaint, over whom Dr. Budeir had no agency relationship, supervision or control, and for whose actions and/or omissions Dr. Budeir had no legal responsibility. Therefore, plaintiff's recovery, if any, should be apportioned in accordance with the applicable law.

### Twelfth Affirmative Defense

The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any alleged act or omission on the part of Dr. Budeir,

which is expressly denied, was not the proximate and/or competent producing cause of such alleged injuries and damages.

### Thirteenth Affirmative Defense

Dr. Budeir is entitled to the provisions of § 768.31, Fla. Stat.

### Fourteenth Affirmative Defense

Should any of the other named Defendants in this action be released prior to the trial of this cause, Dr. Budeir is entitled to list those named Defendants on the verdict form with the intention that damages will be apportioned to them pursuant to § 768.81, Fla. Stat.

### Fifteenth Affirmative Defense

Plaintiff should be barred from proceeding in this action against Dr. Budeir by the principals set forth in *In re Baycol Products Litigation: Lowe v. Bayer, et al.*, Civil Case No. 03-3150, 03-3151, 2003 WL 23305516 (D., Minn., Dec. 15, 2003); *In re Baycol Products Litigation: Spier v. Bayer Corp.*, Case No. MDL 1431, 02-4835, 2003 WL 21223842 (D., Minn., May 27, 2003); *Omobude v. Merck & Co.*, Case No. 3:03-CV-528-LN, 2003 WL 25548425 (S.D. Miss., October 3, 2003); *In re Rezulin Products Liability Litigation*, No. MDL 1348, 00 Civ. 2843 (LAK), 02 Civ. 6812 (LAK), 2003 WL 21276425 (S.D.N.Y. June 2, 2003), and the principals of judicial estoppel. The Plaintiff cannot assert claims against Dr. Budeir based upon an allegation that he knew or should have known of some presumed link between Fosamax and osteonecrosis, where the Plaintiff also contends that Merck concealed that same information.

### Sixteenth Affirmative Defense

Dr. Budeir was improperly joined in this case in that Plaintiff's claims against Dr. Budeir have nothing in common with and are not based upon the same transaction or occurrence as Plaintiff's products liability claims against Merck.

### Seventeenth Affirmative Defense

Dr. Budeir affirmatively avers that this cause of action is barred by the applicable statute of limitations.

### Eighteenth Affirmative Defense

Dr. Budeir did not perform the initial procedure which allegedly resulted in the Plaintiff's tooth breaking at the gingival line and is thus not the cause of Plaintiff's injuries. Also, Dr. Budeir did not prescribe Fosamax nor was he told of Plaintiff's use of Fosamax.

### Reservation of Rights to Seek Leave to Assert Additional Affirmative Defenses

Dr. Budeir expressly reserves the right to seek leave of the Court to amend its Answer and add additional Affirmative Defenses as may be appropriate based on the facts that may be revealed in discover, or otherwise.

WHEREFORE, Defendant MOUHANNAD BUDEIR, D.D.S. demands judgment in his favor, taxation of costs against the Plaintiff and further, demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 21st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic filing to all counsel on the Service List for this case. Parties may access this filing through the Court's system.

*McCUMBER, DANIELS, BUNTZ,*
*HARTIG & PUIG, P.A.*

By: /s/ **Andrew R. McCumber**
Andrew R. McCumber, Esquire
Florida Bar No: 907138
4830 W. Kennedy Blvd., Suite #300
Tampa, Florida 33609
Telephone: (813) 287-2822
Facsimile: (813) 287-2833
Attorneys for Mouhannad Budeir